## Mayor and Aldermen of the City of Vicksburg vs. Patrick Hennessey.

1. Practice: *Motion for new trial. Code of 1871, § 668.*

A motion for a new trial is embraced within the terms of the Code of 1871, § 668, by which it "stands continued of course," if not decided before the adjournment of the court. The case of Kane *v.* Burrus, 2 S. & M., 313, follows the rule at common law whereby such a motion would expire with the term unless a continuance be formally entered.

Error to the Circuit Court of *Warren* County.

Hon. Geo. F. Brown, Judge.

The facts of this case sufficiently appear in the opinion of the court.

The error assigned is the refusal of the court to take up and consider the motion.

*Buck & Clark*, for plaintiff in error, insisted:

1. That the legislature had the power to define, by law, the practice with regard to the hearing and continuance of motions for new trials in any given case at any time, and that the act of March 6, 1875, was constitutional, and should have been obeyed by the circuit court.

2. That, under § 668 of the Code of 1871, "all matters, etc., undetermined at any term shall stand continued, as a matter of course, until the next term." That motions for new trials are embraced within the provisions of this section, and the court have passed upon the motion at the next term.

*A. M. Lea*, for defendant in error, insisted:

1. That the motion, not having been continued or in any way

entertained by the court, expired at the expiration of the term at which it was made.   Kane v. Burrus, 2 S. & M., 313.

2. That the act of March 6, 1875, as it seeks to affect civil causes prosecuted to judgment, is repugnant to the constitution, and therefore void.   Cooley's Con. Lim., 369; Butler v. Palmer, 1 Hill, 324; Cowgill v. Long, 15 Ill., 202; Mather v. Chapman, 6 Conn., 55; McCobb v. Emmerson, 18. Penn., 111.

CHALMERS, J., delivered the opinion of the court.

The circuit court of Warren county, at its November term, 1874, was brought to an abrupt termination by the unexpected adjournment thereof on account of the local disturbances in connection with the office of sheriff, which have become a part of the history of the state.

There was pending at the time, undetermined, a motion for a new trial in the case at bar.   This motion was not acted on, nor marked "continued."   On the 6th of March, 1875, the legislature passed an act intended to obviate the evils arising from the sudden termination of the court, which provided, among other things, that all motions entered upon the docket of the court should stand continued to the next term of the court, precisely as if the same had been regularly called by the court, and regularly entered and continued on the minutes. Acts of 1875, p. 194.

At the next term of the court counsel for the motion moved to take the same up and have it disposed of.   The court refused to do so, on the ground that the verdict and judgment rendered at the former term in favor of the plaintiff had become absolute by the adjournment of the term; that the failure to call and continue the motion for a new trial necessarily abated said motion, and that it was incompetent for the legislature, by retroactive legislation, to interfere with plaintiff's judgment or to impair its finality.   The refusal of the court to take up and consider the motion was excepted to, and constitutes the principal error relied on.   The question thus presented, if it neces-

sarily required a decision of the validity of the legislation referred to, would be interesting and perhaps difficult. We think, however, that the case is met by § 668 of the Code. Its language is as follows: "If the court shall not be held at any term, or shall not continue to sit the whole term, or during the term shall not have heard and determined all matters standing for trial, then all suits and proceedings remaining undecided shall stand continued, of course, until the next term." It will be observed that if the court fails to sit during the whole term, or during the term fails to hear and determine "all matters standing for trial," then "all suits and proceedings undecided shall stand continued, of course, until the next term."

We think that motions for new trials are fairly embraced in the language "matters standing for trial," and in the term "proceedings." This being so, the act of March 6, 1875, was unnecessary, so far as this case was concerned, and may be left out of view.

It is true that in the case of Kane v. Burrus, 2 S. & M., 313, it was held that a motion for a new trial could not be considered at a subsequent term, where it had not been regularly continued on the minutes, and it is also true that there was then standing on the statute books an act similar to the section of the Code above quoted. But this act passed in 1822 seems to have wholly escaped the attention of the court and of counsel, there being no allusion whatever to it in the briefs or in the opinion. The case was decided wholly on common law grounds.

We think the amended declaration, to which there was a demurrer, sufficiently sets forth a good cause of action, and that the demurrer was properly overruled.

For the error committed in refusing to take up and consider the motion for a new trial the cause is reversed and remanded, and the court below directed to consider and pass upon the same.