## GUS SIMPSON *v.* THE STATE.

1. CRIMINAL LAW. *Presence of prisoner. Overruling motion for new trial.*
   Where a motion for a new trial is made by one who has been convicted of murder, the record must affirmatively show the presence of the prisoner when his motion is overruled.

2. SAME. *Supreme Court practice. Statute of 1878.*
   The act of February 12, 1878 (Acts 1878, p. 200), providing that this court shall not reverse for certain matters therein named, having passed after the trial in the lower court, will not be applied in this case.

3. SAME. *Practice. Second writ of error.*
Where the order overruling a motion for a new trial is void, this court will remand the case, in order that the motion may be again considered in the lower court, and if overruled, another writ of error may be taken.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

The plaintiff in error was convicted of murder. He made a motion for a new trial, which was overruled. A supplemental statement of the case will be found in the opinion of the court.

*Tucker & Harper* and *W. J. Lacey*, for the plaintiff in error.

The absence of the prisoner, in custody of the sheriff, while his motion for a new trial was being heard and determined, must cause a reversal. Cooley's Const. Lim. 185 ; 13 Gratt. 763 ; Bishop's Cr. Proc. 925 ; *Stubbe* v. *The State*, 49 Miss. 716.

*A. Y. Harper*, of counsel for the plaintiff in error, argued the case orally.

*T. C. Catchings*, Attorney-General, for the State.

1. The record shows that the prisoner, when his motion was overruled, " then and there " excepted in person.

2. His presence is desirable, but his absence when such motion was determined was not error. Bishop's Cr. Law, sect. 691 ; Whart. Cr. Law, sect. 2998 ; *Jewell* v. *The Commonwealth*, 10 Har. 94 ; 49 Miss. 717 ; 52 Miss. 23, 396.

3. If there is error, this court will not disturb the verdict, but remand for the motion to be reconsidered. *Cole* v. *The State*, 5 Eng. 325 ; *Jewell* v. *The Commonwealth*, 22 Pa. 102 ; *Kelly and Little* v. *The State*, 3 Smed. & M. 528 ; *James* v. *The State*, 45 Miss. 580.

4. As the motion had nothing in it, no harm was done the prisoner, and no reversal should take place.

*T. C. Catchings*, Attorney-General, also made an oral argument.

CHALMERS, J., delivered the opinion of the court.

The record fails to show the presence of the prisoner when the motion for a new trial was heard and determined. It has

been held by this court that his presence must affirmatively appear at the disposition of such motions, though the rule in other States is conflicting. *Roll's Case*, 52 Miss. 391.

The law in this respect is now changed by the act of February 12, 1878 (Sess. Acts, 200), but this trial was had before that law took effect, and we will not give it retroactive operation, though it is by no means clear that, as prescribing simply a rule of action in this court, it should not be applied to all judgments rendered here after it went into effect, without regard to the date of the trial in the court below.

The action of the court in the legally presumed absence of the prisoner must, therefore, be treated as a nullity, and the motion for a new trial regarded as still pending and undetermined in the court below. That motion being undetermined, it was of course erroneous to pass judgment final in the case. The judgment will therefore be reversed and the cause remanded, in order that the motion for a new trial may be properly acted on in the presence of the prisoner. *City of Vicksburg* v. *Hennessey*, 52 Miss. 178.

Should a new trial be refused, the prisoner will have the right to sue out another writ of error, the present one having been prosecuted before there was a proper final judgment in the court below. *Stokes* v. *Shannon*, 55 Miss. 583.

The reversal of the judgment will not affect the verdict.