## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### BOND v. THE COMMONWEALTH.

(Two cases.)

JUNE 30th, 1887.

1. CRIMINAL PROCEEDINGS—*Felonies—Motion for new trial—Prisoner's presence.*—Prisoner must. be present at every stage of trial for felony where anything is done by which he is to be affected. Code 1873, ch. 202, § 3. His presence must be shown by the record when motion for new trial is made and overruled. *Hooker's case,* 13 Gratt. 763.

2. IDEM—*Case of irregularity—Case at bar.*—But if in his absence motion for new trial is made and overruled, and afterwards during same term, in his presence, the overruling is rescinded, and he is invited to renew the motion, but refuses—

HELD:

The irregularity is thereby cured. *Boswell's case,* 20 Gratt. 865.

3. IDEM—*Cumulative evidence.*—It is not error to deny new trial asked for on account of after-discovered evidence that is merely cumulative.

4. IDEM—*Evidence—Threats—Case at bar.*—It is not error to admit in a trial for house-burning evidence of prisoner's threats to burn a house so close to the building burned that, during the latter's burning, it took fire therefrom several times.

Error to two judgments of the judge of circuit court of Bedford county, refusing writs of error to two judgments of the county court of said county, rendered March 9th, 1887, on two indictments for house-burning against George Bond, at the separate trials whereof the jury found him guilty, and in No. 1 fixed the term of imprisonment in the penitentiary at ten years, and in No. 2 fixed it at three

years. During the proceedings the prisoner excepted to several rulings of the county court, which were the same in both cases. And he obtained from one of the judges of this court a writ of error and *supersedeas* in each case. Opinion states the case.

*S. S. P. Patteson*, for the prisoner.

*R. A. Ayers*, attorney-general, for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

On the twenty-fifth day of October, 1886, two indictments were found by the grand jury of Bedford county court against the plaintiff in error, George Bond—one charging him with burning, "feloniously and maliciously," the tobacco-barn owned by Robert Hewitt, and at the same time also another tobacco-barn, owned by Moorman Parker, George Parker and Fanny Parker; and the other charging him with burning, "feloniously and maliciously," the barns of E. T. Walker and O. P. Bell. The offences are charged to have been committed on the same day, viz: the fifteenth day of October, 1886. The said indictments were returned into court and presented by the said grand jury, marked or endorsed, respectively, "A true bill" (No. 1), "A true bill (No. 2).

On Tuesday, the second day of the February term of the county court of Bedford county, the accused was tried upon the indictment "No. 1," and convicted by the jury, whose verdict fixed his confinement in the penitentiary for the period of ten years. "And the prisoner was remanded to jail." On Saturday, the fifth day of the said term of the said court, the prisoner's attorney made a motion, in the absence of the prisoner, to have the verdict set aside and to have a new trial granted, upon the ground that on the

day after his trial the prisoner had discovered new evidence material to the issue, which, by due diligence, he could not have known before; which said motion the court heard and overruled, in the absence of the prisoner, and without an order to bring him into court; to which ruling the prisoner, by his counsel, excepted. On Wednesday, the ninth day of the term, the prisoner was brought into court, and, on the part of the court and the Commonwealth, it was offered and pressed upon him to renew his motion for a new trial; which the prisoner declined to do, as his motion for a new trial had been made and overruled on Saturday previous, the fifth day of the term.

The prisoner, thereupon, moved the court to set aside the verdict and grant him a new trial, upon the ground, that, when the motion was made, on Saturday, the fifth day of the term, he was not present in court; which motion the court overruled, and to which ruling of the court the prisoner excepted. The court assigned, as his reason for overruling the said motion, that he had the prisoner brought into court, and "it being suggested to the court that when the prisoner, by his attorney, made his motion for a new trial, on Saturday last, he was not in court, it is ordered that the order made on that day overruling his motion for a new trial be set aside, and the prisoner being now in court, he is asked to renew his motion for a new trial, if he desires so to do; and thereupon he declines to do so"; whereupon the court overruled the motion made on Saturday last, and pronounced judgment against the prisoner according to the verdict of the jury. From this judgment of the county court of Bedford county the prisoner petitioned for a writ of error and *supersedeas,* which was refused by the judge of the circuit court of Bedford county, to which said refusal a writ of error and *supersedeas* were allowed him by one of the judges of this court.

On the fourth day of March, 1887, being the fourth day

of the March term of the county court of Bedford county, the prisoner was tried by a jury in said court, upon the indictment " No. 2," who found a verdict of guilty against him, and fixed his term of confinement in the penitentiary at three years. And the prisoner was remanded to jail. On Saturday, the fifth day of the term, the prisoner's counsel, in his absence from the court, made a motion for the verdict to be set aside and a new trial to be granted to the prisoner, upon the ground that it was contrary to the law, inasmuch as testimony not relevant to the issue had been admitted upon the trial; which motion the court overruled, and the prisoner excepted.

On Wednesday, the ninth day of March, 1887, the prisoner, George Bond, who stands convicted of house-burning " No. 2," was this day again led to the bar of the court in custody of the sheriff of the county of Bedford, and it being suggested to the court that when the prisoner, by his attorney, made his motion for a new trial on Saturday last the prisoner was not in court, it is ordered that the order entered on that day overruling his motion for a new trial be set aside; and the prisoner being now in court, he is asked to renew his motion for a new trial, if he desires so to do, and thereupon he declines to do so. Whereupon the court overruled the motion made by the prisoner on Saturday last, and proceeded to pronounce judgment against him according to the verdict of the jury. And thereupon the prisoner moved the court to set aside the verdict rendered against him and the sentence passed in the case, and to grant to him a new trial, on the ground that on Saturday last, when his motion for a new trial was made and overruled, the prisoner was not in court; which motion was overruled by the court. The prisoner petitioned the judge of the circuit court of Bedford county for a writ of error and *supersedeas* to the aforesaid judgment of the county court, which were refused; whereupon he applied for and

obtained from one of the judges of this court a writ of error and *supersedeas* to the said judgment.

By agreement of the attorney-general and the counsel for the plaintiff in error, these two cases have been argued and submitted as one case, the alleged errors complained of being exactly the same in both cases.

The records in both cases show, that, when the prisoner, by his counsel, made his motions for new trials, he did not appear in person, and was not in the court when the court considered and overruled the said motions.

Bishop on Criminal Procedure, sec. 682, says: " It is a principle pervading the entire law of procedure in criminal causes that, after indictment found, nothing shall be done in the cause in the absence of the prisoner (citing in the note *Hooker's case*, 13 Gratt. 763). Yet the doctrine of waiver of rights, discussed in a previous chapter, may to some extent modify this principle so as to allow of proceedings in the absence of the defendant, when he does not choose to be present, and especially when his convenience is consulted by having the steps taken while he is absent. Yet the right of waiver seems not to be carried very far here."

In *Jackson's case*, 19 Gratt. 656, it was held that the prisoner " is to be considered as standing upon all his legal rights, waiving none of them."

" In felonies it is not in the power of the prisoner, either by himself or by his counsel, to waive the right to be personally present during the trial." *  *  *  * (Bishop on Crim. Pro., § 686.)

In the case of *Warren* v. *State*, 19 Ark. 214, 68 Am. Decis. 214, the editor, in a note carefully collating all the authorities, says: " The better opinion is, that the rule should be adhered to in felonies from arraignment to the final sentence." See, also, *Stubbs* v. *State*, 49 Miss. 724; *State* v. *Rippon*, 2 Bay. 99; *Simpson* v. *State*, 56 Miss. 297;

*Rolls* v. *State,* 52 Miss. 391; *Regina* v. *Candwell,* 6 Eng. L. & Eq. 352; *Holton* v. *State,* 2 Fla. 476.

In the case of *Andrews* v. *State,* 2 Sneed's R. 550, the court declares: "In criminal cases of the grade of felony, where the life or liberty of the accused is in peril, he has the right to be present, and *must* be present during the trial, *and until the final judgment.*"

Bishop on Crim. Pro., § 691, cites the case of *Jewell* v. *Commonwealth,* 10 Harris (Pa.), in which it was said "his (prisoner's) counsel may ask for a new trial in his absence," and adds: "It is difficult to accept this as the universal doctrine; and perhaps the law on this subject is not held in all judicial localities alike. In cases of misdemeanor, punishable only by fine, the law is, indeed, so; thus in England, where a defendant has been found guilty upon an indictment for an offence which does not subject him to a corporal punishment, he need not be present in court in order to move by his counsel for a new trial." This statement of the *negative* requirement of the law, in cases of misdemeanor, or where the offence charged cannot involve the life or liberty or sacredness of the person of the prisoner, is pregnant with the affirmative that, in all cases where the conviction is for an offence the punishment of which is the loss of life, liberty, or the sacred immunity of the person of the prisoner, he must be present in court when his motion for a new trial is made and when it is acted on by the court. However this may be in other "judicial localities," to use the expression of Mr. Bishop, it is the absolute rule of law in Virginia.

In *Sperry's case* (9 Leigh, 624), Lomax J., said: "The well-established practice in England and in this State is that a prisoner accused of felony must be arraigned in person and must plead in person, and in *all the subsequent proceedings* it is required that he shall appear in person. This practice is stated in Chitty's Crim. Law, 411–414. * *

In looking into the English forms of entries, it will be found that the appearance of the accused is carefully stated upon the record to have been in his proper person." 4 Chitt. Crim. Law, 268. "An appearance by attorney cannot imply that the prisoner was personally present in court, and, therefore, the record is deficient in what the law regards as essential to be stated in such a case." For this error the judgment was reversed and a new trial was ordered. And this court, reviewing that case, in the case of *Hooker* v. *Commonwealth*, 13 Gratt. 766, unanimously affirmed it, giving the prisoner a new trial, and holding it to be the right of the prisoner to "be present (in court) not only when the jury are hearing his case, but at any subsequent stage when anything may be done in the prosecution by which he is to be affected." *Jackson's case*, 19 Gratt. 664, re-affirms these decisions.

The foregoing citations are sufficient to attest the adjudged authority and importance of the rule of law and practice in Virginia, that the prisoner has the right to be present in court at any and every stage of his trial "when anything may be done by which he is to be affected." But we are of opinion that the record in this case shows that nothing was done in the prosecution by which the prisoner was or could be affected, or of which he can rightfully complain. The motion for a new trial, made by the prisoner's counsel some days after the verdict had been rendered and recorded and the jury had been discharged, could not by any possibility have influenced the jury in their finding; and even if, in legal contemplation, a motion was made and overruled on Saturday, the fifth day of the term, by the prisoner's counsel in behalf of the prisoner, when the prisoner was not present, yet the record shows that on Wednesday, the ninth day of the term, the court brought the prisoner into court and rescinded the order entered on Saturday, the fifth day of the term, and thereby cured the

irregularity (if any it was), as, under the ruling in *Boswell's case*, 20 Gratt. 865, it had the rightful power to do, and that the prisoner was given the opportunity, and even urged, to make his motion for a new trial upon the same grounds, or any other which he might have, which he *elected not to do;* whereupon the court proceeded, very properly, to pronounce judgment upon the prisoner according to law and the verdict.

We do not think the court erred in refusing to grant a new trial upon the ground of after-discovered evidence. It was merely cumulative, and could not, or ought not to, produce a different verdict.

Nor is the assignment of error well taken, that the court admitted evidence of the threats made by the prisoner against William Franklin. It was relevant, and showed that Franklin's dwelling was so close to the barn which was burned that it repeatedly caught on fire, and was with the utmost difficulty saved from destruction.

The judgments complained of are right, and they are affirmed.

Lewis, P., concurred in affirming the judgment in each case, but was of opinion that the validity of the proceedings was not affected by reason of the absence of the prisoner when the motion for a new trial was made and disposed of.

Judgment affirmed in both cases.