# WHEELING.

STATE *c.* PARSONS.

Submitted June 16, 1894.—Decided June 21, 1894.

1. CRIMINAL PROCEEDINGS.

Both the *corpus delicti*, or criminal act, and the agency of the accused in such act, must be proven before the jury beyond a reasonable doubt.

2. CRIMINAL PROCEEDINGS—RECORD—NEW TRIAL.

In felony cases the accused must be present in his own proper person from the inception of the trial upon the indictment to the final judgment inclusive, when anything is done affecting him; and the record must show his presence. He must be present when action is had on a motion for a new trial.

F. O. BLUE and W. T. ICE, for the plaintiff in error:

I.—*The* corpus delicti *must be proven; and the guilt of the act must be proven to attach to a particular person.*—1 Bish. Crim. L. (4th Ed.) § 204–208, 285–295, 430–442, 1097,

..1110.; .101 Pa 386.; 76 Pa. 340; 43 Miss. 480.; 1 Cliff.
25; 4 Crim. L. Mag. 902; Wills Cir. Ev. (6th Am. Ed.)
198; 26 W. Va. 116, 123; 4 B. & A. 123; Wills Cir. Ev.
c. 7, s. 1; Id. 126; Id. 80; 22 S. W. Rep. 452.

II.—*Verdict not sustained by the evidence.*—1 Greenl. Ev. (15th
Ed.) § 13; Whar. Crim. Ev. (2d Ed.) 264; 3 Greenl.
Ev. § 29; 1 Bish. Crim. Pro. § 1093; 8 W. Va. 741;
Wills Cir. Ev. 192; Id. 173; Id. 183; Id. 188, 189; Id.
192; 89 Va. 379; 1 Bish. Crim. Pro. § 1056.

III.—*A person indicted for felony must be present in person dur-
ing the whole of the trial.*—2 W. Va. 579; 9 Leigh 623,
632; 13 Gratt. 763; 16 W. Va. 736; 2 Sneed 540; 22
W. Va. 801, 812; 1 Bish. Crim. Pro. § 268; 2 W. Va.
579; 22 W. Va. 771.

Attorney-General T. S. RILEY, for the State cited 13 S. E.
Rep. (Va.) 708; 14 S. E. Rep. (Ga.) 809; 26 W. Va. 116;
21 W. Va. 709; 37 W. Va. 744; 8 W. Va. 743; 1 Bish.
Pro. § 1110; Whar. Crim. Ev. § 756; 3 W. Va. 705; Whar.
Crim. Ev. § 796; 33 W. Va. 319, 335; Will Cir. Ev. 203,
204; 50 N. W. Rep. 570; 8 W. Va. 690; 22 W. Va. 773;
16 W. Va. 737, 738.

BRANNON, PRESIDENT:

Albert Parsons was convicted in the Circuit Court of
Barbour county and sentenced to the penitentiary upon an
indictment for burning a barn; and, a motion for a new
trial having been overruled, he comes to this Court by writ
of error.

The first of the two grounds relied upon by Parsons to
sustain his prayer for a new trial, and the one which seems
to be principally relied upon by his counsel, is that the ver-
dict convicting him is contrary to law and evidence. The
evidence is quite voluminous and from a number of wit-
nesses. It can not be necessary or useful to detail it here,
since it could not be a precedent or even admissible for any
legal purpose in future cases; and no two cases are pre-
cisely alike as to evidence. To justify a verdict of guilty
in a criminal case, the evidence must establish beyond a
reasonable doubt both the *corpus delicti* and the agency of

the accused party in it. It must show that a crime has been committed as the first and indispensable fact; as, if there be no crime, there can not possibly be a criminal; and then the evidence must next show, that the accused committed the crime; for, though it be ever so certain that a crime has been committed, no one can be punished for it, unless the evidence single him out from all other persons as the guilty one. *State* v. *Flanagan*, 26 W. Va. 116, in opinion by Judge Woods; 3 Greenl. Ev. §§ 19, 29, 30; point 14 in *State* v. *Abbott*, 8 W. Va. 741.

A review of the evidence in this case has brought all the members of this Court to the conclusion, that the evidence fails to prove the *corpus delicti*—that is, that the barn was criminally burnt—and still more signally fails to fix the act on Parsons. We are reluctant as a rule to interfere with a verdict finding a prisoner guilty, where the evidence in a degree, legally speaking, under the rule requiring proof beyond a reasonable doubt appreciably tends to sustain it; but, when we look at this evidence, we are impressed with its weakness and its insufficiency to meet the call of the law in such cases, and we can not rid ourselves of the feeling, that we would do a wrong to the prisoner in confirming his conviction.

The second ground on which the accused asks a new trial is, that he was absent when the subject of a new trial was being considered. The Code in section 2, c. 159 as well as the common-law requires, that "a person indicted for felony shall be personally present during the trial therefor." What does the word "trial" here used mean? Does it mean merely trial before the jury? Must he be present when a motion for a new trial is pending? Some authorities hold that he need not be; but the great weight of authority is, that he must be so present when any step affecting him is taken from arraignment to judgment inclusive. *Sperry's Case*, 9 Leigh, 623; *Younger's Case*, 2 W. Va. 579; *State* v. *Conkle*, 16 W. Va. 736; *State* v. *Sutfin*, 22 W. Va. 771; *State* v. *Greer*, Id. 801; *Jackson's Case*, 19 Gratt. 656; *Lawrence's Case*, 30 Gratt. 845; *Bond's Case*, 83 Va. 581 (3 S. E. Rep. 149).

In *Hooker's Case*, 13 Gratt. 763, it is pointedly held, that

the accused must be present during action on a motion for a new trial; so in *Bond's Case*, 83 Va. 581 (3 S. E. Rep. 149). The record-book must always show the prisoner's presence. The rule referred to does not apply to misdemeanors. While the law is as above stated, still the facts do not, for that cause, call for a new trial. The record shows distinctly, that, when the motion for a new trial was made and overruled, the prisoner was present. This ended the motion. It further shows, that afterwards in his absence the court inquired of the attorneys for the defendant, if they had any argument to submit in support of the motion to set aside the verdict, and one of the attorneys stated, that they had no argument to submit further than, that defendant relied upon the fact, that the *corpus delicti* had not been proven, and the evidence did not connect him with the alleged offence, and that they relied on the authorities referred to on the trial; and the prosecuting attorney remarked, that he had heard of no improper conduct on the part of the jury—a remark irrelevant, so far as I see from the record. Clearly, this only shows the expression of a willingness on the part of the court to hear further argument, if the counsel for the prisoner desired to avail themselves of the offer, which they did not desire to do. The motion had already been disposed of in the presence of the prisoner and was not again taken up for reconsideration. Nothing affecting the prisoner was done in his absence. It would be very technical to nullify the verdict on this ground.

For reasons above given the judgment is reversed, the verdict set aside, a new trial awarded, and the case is remanded for such new trial, if the prosecution asks it.