**Richmond**

JOSEPH EDWARD JONES, III

V.

COMMONWEALTH OF VIRGINIA

Record No. 831483.

June 15, 1984.

Present: All the Justices.

*Charles C. Cosby, Jr. (Boone & Warren*, on brief), for appellant.
*Todd E. LePage, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

Code § 19.2-259 provides in pertinent part that "[a] person tried for felony shall be personally present during the trial." The

sole question presented by this appeal is whether the defendant in a felony case may waive his right to be present at a view of the scene of the crime.

The question stems from the trial of Joseph Edward Jones, III, on a charge of possessing heroin with intent to distribute. Tried without a jury, Jones was found guilty and was sentenced to serve ten years in the penitentiary, with three years suspended during good behavior.

Jones was arrested as a result of a surveillance conducted by police officers in the 1000 block of N. 29th Street in the City of Richmond. At trial, the defendant denied he was present where the officers testified they had seen him, and he denied possessing or selling heroin.

When the evidence was completed, defense counsel inquired whether "the Court [thought] it would be helpful to view the scene." The trial judge told defense counsel to make "that decision." Counsel then moved for a view. The judge granted the motion and, accompanied by the prosecutor and defense counsel, viewed the scene of the crime.

Upon his return to court, the trial judge stated in the presence of Jones and defense counsel:

> Let the record show that the Court did take a view of the scene. The defendant was asked to be there and waived his right to be there. He had transportation and an opportunity to be there but waived that. There was no testimony offered . . . from the time we left the courthouse until this time . . . .

Neither Jones nor his counsel made any comment following this statement.

On appeal, Jones argues that a view of the scene of a crime is part of a felony trial and that he had a right pursuant to Code § 19.2-259 to be present when the trial judge viewed the scene in this case. This is a right that cannot be waived, the defendant submits, and, hence, his absence from the view renders his conviction invalid.

Jones cites *Noell* v. *Commonwealth*, 135 Va. 600, 115 S.E. 679 (1923). There, in a rape trial, the jury expressed a desire to view the factory building where the offense allegedly occurred. Without objection from the accused, the trial court permitted the

jury to view the scene while the court, counsel, and the accused remained behind and the court considered instructions.

At the crime scene, the jury conducted certain tests to determine whether the victim's screams could be heard at different points in the building. When the jury returned to court, it received the court's instructions and ultimately convicted the accused of assault. After the verdict was returned, defense counsel learned of the tests and moved for a new trial. The trial court denied the motion, and this Court reversed.

Applying the predecessor to Code § 19.2-259, this Court held that a view of the crime scene is part of the trial of a felony case at which an accused has a right to be present. The Attorney General disagrees with this holding and asks us to overrule it. We believe, however, that the ruling was correct. We have defined the phrase "during the trial," contained in Code § 19.2-259, to mean "every stage of the trial from [the accused's] arraignment to his sentence, when anything is to be done which can affect his interest." *Palmer* v. *Commonwealth*, 143 Va. 592, 605, 130 S.E. 398, 402 (1925). We believe this definition reasonably encompasses a view of the crime scene.

The Court then considered the question, novel for Virginia, whether "an accused person on trial for a felony can waive his right to be present at the view." 135 Va. at 608, 115 S.E. at 681. Responding to this question, the Court stated:

> [I]t has long been recognized as a settled rule of the common law, based as well upon public policy as upon the interest of the accused, that his continuous presence, from arraignment to sentence, is an essential part of the process of law provided for his trial and without which the courts have no jurisdiction to pronounce judgment upon him . . . . [C]onformity to the rule is essential to jurisdiction and the accused cannot waive it.

*Id.* at 608-09, 115 S.E. at 681. As authority for this statement, nine previous decisions of this Court were cited.

Yet, none of these nine cases supports the proposition that the presence of the accused throughout a felony trial is an absolute jurisdictional prerequisite. Only one of the cases even comes close to making the presence of the accused a jurisdictional matter. In that case, the jury had retired but returned to the courtroom with

the request to hear again the testimony of one of the witnesses. In the absence of the accused, the court permitted a portion of the testimony of the witness to be read to the jury. At some point during the reading, the accused was brought into court. The witness also appeared and was reexamined by consent of all the parties. Nonetheless, this Court reversed, stating it is an "imperative . . . rule of law, that no part of the trial can proceed without [the accused]" and he "cannot waive" his right to be present. *Jackson* v. *The Commonwealth*, 60 Va. (19 Gratt.) 656, 664 (1870).

It appears, however, that *Jackson* was all but overruled by *Bond* v. *The Commonwealth*, 83 Va. 581, 3 S.E. 149 (1887), another of the nine cases cited in *Noell*. There, the accused was not present when his counsel moved for a new trial and when the court denied the motion. Several days later, in the presence of the accused, the court rescinded the denial of the motion and gave the accused the opportunity, and even urged him, to make his motion upon the same grounds, "which he *elected not to do*." 83 Va. at 588, 3 S.E. at 152 (emphasis in original). We said that "the [trial] court proceeded, very properly, to pronounce judgment upon the prisoner according to the law and the verdict." *Id.* The italicized language and our holding with respect thereto certainly have all the earmarks of waiver. *See also Staples* v. *Commonwealth*, 140 Va. 583, 587, 125 S.E. 319, 320-21 (1924) (defendant absent when motion in arrest of judgment was argued and denied and when judgment was entered against defendant; verdict not disturbed, but case remanded solely for entry of judgment on verdict with defendant present).

We do not believe, therefore, that precedent supported the *Noell* holding which made the presence of the accused a jurisdictional prerequisite. Neither was the holding supported in logic. It would be wholly unrealistic to say, as *Noell* requires, that, although a court may possess jurisdiction of the offense and the alleged offender when it commences a felony trial, it is ousted of jurisdiction by the absence of the accused from some later part of the trial. "[I]t is axiomatic that when a court acquires jurisdiction of the subject matter and the person, it retains jurisdiction until the matter before it has been fully adjudicated." *Laing* v. *Commonwealth*, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964).

This brings us to *Noell*'s further holding that an accused may not waive his right to be present at a view of the crime scene. It is apparent the Court considered his holding a necessary corol-

lary to its concurrent finding that the presence of the accused is a jurisdictional matter. 135 Va. at 619, 115 S.E. at 685. As we have just demonstrated, however, the jurisdictional finding was incorrect. Hence, with the jurisdictional predicate eliminated, the proposition that an accused may not waive his right of presence falls of its own weight. In any event, the notion than an accused may not relinquish this sort of right is outmoded.

Today, we know that an accused by his conduct or by choice may forfeit or waive any number of rights. For example, in *Bilokur* v. *Commonwealth*, 221 Va. 467, 270 S.E.2d 747 (1980), we said:

> While there is always a "presumption against a waiver of fundamental constitutional rights", *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938), and "the Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right", *Pointer* v. *Texas*, [380 U.S. 400, 403 (1965)], the right may be waived by a guilty plea, *Boykin* v. *Alabama*, 395 U.S. 238 (1969), by a defendant's disruptive conduct in the courtroom, *Illinois* v. *Allen*, 397 U.S. 337 (1970), by a defendant's voluntary absence from trial, *Taylor* v. *United States*, 414 U.S. 17 (1973), and by a defendant's intimidation of a grand jury witness from testifying at trial, *United States* v. *Carlson*, 547 F.2d 1346 (8th Cir. 1976), *cert. denied*, 431 U.S. 914 (1977).

221 Va. at 472, 270 S.E.2d at 751. And in *Quintana* v. *Commonwealth*, 224 Va. 127, 295 S.E.2d 643 (1982), *cert. denied*, 460 U.S. 1029 (1983), we held that an accused may by his conduct forfeit his constitutional rights of confrontation and due process and his statutory right, conferred by Code § 19.2-259, to be present during the trial. 224 Va. at 144-45, 295 S.E.2d at 651-52.

To the extent, therefore, that *Noell* elevated to jurisdictional stature the right of an accused to be present at a view and made the right not subject to waiver, we expressly overrule the decision. And we hold affirmatively that the right may be waived.

■ Of course, even though an accused may waive his right to attend a view, the event must be conducted in a manner free from any prejudice to his right to a fair trial. In his absence, no evidence should be taken and no tests conducted. Neither should

there be permitted any irregularity or misconduct which might tend to influence the trier of fact.

Here, the record shows clearly that Jones waived his right to attend the view and that the event was conducted without untoward incident of any kind. Hence, we will not disturb the judgment of conviction.

*Affirmed.*