518 S.E.2d 838

**Rudolph Lynwood HUTCHINS, Jr.**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1439–97–3.**

Court of Appeals of Virginia,
Richmond.

Sept. 14, 1999.

Vikram Kapil, Assistant Public Defender, for appellant.

Michael T. Judge, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., and BENTON, COLEMAN, WILLIS, ELDER, ANNUNZIATA, BUMGARDNER, LEMONS and FRANK, JJ.

UPON A REHEARING EN BANC

COLEMAN, Judge.

Rudolph Lynwood Hutchins, Jr. was convicted in a jury trial of unlawful wounding and sentenced to three years in prison. In an unpublished opinion, a divided panel of this Court affirmed the unlawful wounding conviction. We granted Hutchins a *de novo* rehearing *en banc* and stayed the mandate. Hutchins contends Code § 19.2–243, the speedy trial statute, barred the prosecution. Upon rehearing, we reverse the trial court and vacate the prior mandate and panel opinion.

In this appeal, we address for the first time the issue of when a jury trial commences for the purpose of tolling the Virginia speedy trial statute. We hold that a jury trial commences and thereby tolls the bar of the speedy trial statute when the first venireperson is sworn for *voir dire*. Thus, because the judges of the Circuit Court of the City of Martinsville failed to commence Hutchins' trial on or before the date specified by the applicable provision of Code § 19.2–243, Hutchins was denied his statutory speedy trial right and he is "forever discharged from prosecution therefor."

Code § 19.2–243 provides, in pertinent part, that if an accused is held "continuously in custody" from the date of the district court's probable cause hearing, the accused "shall be

forever discharged from prosecution ... if no trial is *commenced* ... within five months from the date ... probable cause was found by the district court." (Emphasis added). The statute recognizes that specified reasons for a delay in commencing trial will not be attributed to the Commonwealth and the statute excepts those periods of delay from the time provided to bring the accused to trial.

The right to a speedy trial of a person accused of a crime is guaranteed by the Sixth Amendment to the United States Constitution, by Article I, Section 8 of the Virginia Constitution, and by Code § 19.2–243. The Virginia Supreme Court has stated in numerous cases that our speedy trial statute is the embodiment "by the legislature of what constitutes a 'speedy trial,' as that term is used in the Bill of Rights." *Flanary v. Commonwealth*, 184 Va. 204, 208, 35 S.E.2d 135, 137 (1945) (construing Va.Code § 4926 (Michie 1942), the predecessor to Code § 19.2–243).

An accused's statutory and constitutional speedy trial rights serve the dual function of fulfilling society's interest in having those accused of crime expeditiously brought to justice and of assuring that those accused of a crime will neither languish in jail while awaiting trial nor suffer the prolonged anxiety, embarrassment, and expense associated with undue delay while awaiting trial whether free on bail or not. *See Barker v. Wingo*, 407 U.S. 514, 519–20, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The remedy accorded to an accused when the government deprives the accused of his or her right to a speedy trial is harsh and one of serious public consequence— that is, the accused "shall be forever discharged from prosecution" and may escape the consequences of having committed a serious crime. *See id.* at 522, 92 S.Ct. 2182. Because society's cost in guaranteeing an accused's speedy trial right may result in a heinous crime going unpunished or a brutal criminal being set free, judges have the responsibility of ensuring that the cases on their dockets are timely brought to trial.

Here, on October 23, 1996, the Martinsville Juvenile and Domestic Relations District Court held a preliminary hearing

and found probable cause to certify to the grand jury two counts of malicious wounding against Rudolph Lynwood Hutchins, Jr. Hutchins remained continuously in jail from before the October 23, 1996 preliminary hearing until June 6, 1997, when he was tried and convicted by a jury in the Martinsville Circuit Court. The trial occurred more than seven months after the probable cause determination. Following Hutchins' indictment on February 10, 1997, the circuit court judge arraigned Hutchins on February 25, 1997, which was the date that the court arraigned all defendants indicted by the grand jury on February 10.[1]

Approximately one month before Hutchins' jury trial, he filed a motion to dismiss the charges on the ground that the trial judge had violated his speedy trial right by failing to commence his trial within five months of October 23, 1996, the date that probable cause was found. The judge ruled that trial commenced on February 25, 1997, when the court arraigned Hutchins, even though the case was not set for trial and the jurors and witnesses were not convened until June 6, 1997.

In Code § 19.2–243, the General Assembly identified the events that cause the speedy trial period to begin to run and also provided that the statutory mandate is met when "trial is commenced" within the specified times. The statute does not specifically define when a trial is commenced and is necessarily open to judicial interpretation and construction. As our Supreme Court said in commenting upon a predecessor of Code § 19.2–243, "[m]any cases have been cited defining the word 'trial,' but they throw little light on the meaning of the word as used in the [statute]." *Butts v. Commonwealth,* 145 Va. 800, 808, 133 S.E. 764, 766 (1926). We must determine when trial commences for purposes of applying the

---

1. The practice of the court is to arraign all defendants who were indicted by a grand jury on a day certain and to accept guilty pleas on that date or accept not guilty pleas and set those cases for trial with or without a jury. There was no intention to try the case on that date. No witnesses or jurors were subpoenaed.

mandate of Code § 19.2–243. Where a statutory term admits of more than one interpretation, it is our duty to give that term "a reasonable construction which will effect rather than defeat" the statute's purpose. *Ambrogi v. Koontz*, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982); *see also, McFadden v. McNorton*, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952) (noting that "a statute ought to be interpreted in such manner that it may have effect, and not to be found vain and elusive").

■ On appeal, the Commonwealth urges us to hold that for purposes of Code § 19.2–243, trial commences when the accused is arraigned on the charges. In support of that position, the Commonwealth cites *Riddick v. Commonwealth*, 22 Va.App. 136, 468 S.E.2d 135 (1996), in which we held that arraignment and a guilty plea commenced a bench trial for purposes of Code § 19.2–243.[2] *See id.* at 142–44, 468 S.E.2d at 137–38.

The Commonwealth also cites *Burnley v. Commonwealth*, 208 Va. 356, 362, 158 S.E.2d 108, 112 (1967), where the Supreme Court held that trials begin at arraignment for the purpose of applying the *Miranda* decision prospectively, and *Jones v. Commonwealth*, 227 Va. 425, 428, 317 S.E.2d 482, 483 (1984), where the Court held that a defendant's right to be present at trial extended from arraignment to sentencing.

Hutchins suggests that we adopt the view espoused in the panel dissent, which was that trial commences when jeopardy attaches or when the petit jury is sworn.

The General Assembly of Virginia enacted Code § 19.2–243 to "clarify and augment the constitutional guarantees of the Sixth Amendment to the United States Constitution and Article I, § 8 of the Virginia Constitution." *Bunton v. Common-*

---

**2.** The Commonwealth points out that to hold that a criminal trial commences for all purposes when an accused is arraigned may have other undesirable consequences for the Commonwealth and the defendant's pretrial filing requirements. *See e.g.* Code § 19.2–187 (requiring filing of certification of analyses at least "seven days prior to ... trial"); Rules 3A:9 and 3A:11 (requiring filings of various motions either ten or seven days "before the day fixed for trial").

*wealth,* 6 Va.App. 557, 558, 370 S.E.2d 470, 470 (1988). Expounding upon the speedy trial protection guaranteed by the United States Constitution, the United States Supreme Court said:

The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*United States v. MacDonald,* 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). We are obligated to "construe [Code § 19.2–243] so as to assure both a defendant's constitutional right to a speedy trial and society's interest in 'swift and certain justice.' " *Clark v. Commonwealth,* 4 Va.App. 3, 5, 353 S.E.2d 790, 791 (1987) (quoting *Fowlkes v. Commonwealth,* 218 Va. 763, 766–67, 240 S.E.2d 662, 664 (1978)).

Were we to hold that arraignment commences trial for the purposes of Code § 19.2–243, we would effectively defeat the statute's intended purpose of protecting the accused from excessive delay during prosecution of criminal charges. If a trial commences upon arraignment, the court could indefinitely delay summoning jurors and witnesses and beginning the processes of taking evidence without violating the statute. Such a construction of the statute would defeat its purpose of clarifying, augmenting, and embodying the Virginia and federal constitutional speedy trial guarantees. Moreover, such a construction of the statute would be contrary to established rules of statutory construction, under which we must give effect to the purpose of the statute.

Similarly, we reject Hutchins' argument that trial commences when jeopardy attaches, which is when the jury is sworn to try the case. *See Peterson v. Commonwealth,* 5 Va.App. 389, 395, 363 S.E.2d 440, 444 (1987). We believe that if a court attempts to empanel a jury but is delayed or unable to do so during or after *voir dire,* then trial has commenced for speedy trial purposes. Accordingly, we believe the sound-

er view, which is the rule followed by the federal courts and the rule that we adopt today, is that trial commences for a jury trial when the first juror is sworn for *voir dire*. *See United States v. A–A–A Elect. Co., Inc.*, 788 F.2d 242, 246 (4th Cir.1986). Although under this interpretation trial commences on the occurrence of different events for the purposes of jury and bench trials, this distinction accurately reflects our common perception of trials. For a jury trial, trial is traditionally thought to begin or commence for speedy trial purposes with efforts to seat a jury; for a bench trial on a guilty plea, as we held in *Riddick*, trial is traditionally considered to begin with the arraignment of the accused and plea of guilty. Although it has been suggested that a bench trial commences on a plea of not guilty when the first witness is sworn, neither we nor the Supreme Court have decided that issue and it is not before us in this appeal.

Here, *voir dire* of the jury in Hutchins' case began on June 6, 1997, well over five months after his October 23, 1996 preliminary hearing. Code § 19.2–241 specifically mandates that "[t]he judge of each circuit court shall fix a day of his court when the trial of criminal cases will commence ... [and that] the accused ... shall be tried within the time limits fixed in § 19.2–243." Because the trial court failed to commence Hutchins' trial within five months of the probable cause determination, Hutchins' right to a speedy trial under Code § 19.2–243 was violated. Accordingly, the trial court erred in ruling that Hutchins' statutory right to a speedy trial was not violated. Thus, the conviction is reversed and the indictment is dismissed, and Hutchins is "forever discharged from prosecution therefor."

*Reversed and dismissed.*

BUMGARDNER, Judge, with whom LEMONS, Judge, joins, dissenting.

I respectfully dissent because I believe this decision disregards controlling precedent to redefine a term that has long

had a clear, exact meaning and by doing so unnecessarily complicates the law.

Virginia has enjoyed a statute that gives precise definition to her broader constitutional guarantee of a speedy trial. For decades, the statute forbade holding an accused "without trial." In 1974, the General Assembly changed the term "without trial" to "no trial on the merits," and changed the gauge of the permissible delay from terms of court to "nine calendar months." *See* 1974 Va. Acts, ch. 391. The next year, it shortened the period to five months if the accused was in custody and fixed nine months as the period if the accused was at liberty. More importantly to this case, the legislature changed the default which invoked the statutory remedy to "if there be no trial commenced." The delimiting term was no longer "without trial" or "no trial on the merits" but "no trial commenced." *See* 1975 Va. Acts, ch. 495.[3]

When the General Assembly adopted the phrase "no trial commenced" in 1975, case law had given clear definition to the point at which a trial commenced. In *Burnley v. Commonwealth*, 208 Va. 356, 158 S.E.2d 108 (1967), the Supreme Court stated succinctly "[t]he trial of a criminal case begins with the arraignment." *Id.* at 362, 158 S.E.2d at 112. The line of authority on which the Court based that statement traced back more than a hundred years. The Court extracted the principle from cases deciding when the defendant had to be present at trial.

A defendant enjoys the elementary right to be present "during the trial." The arraignment was a point at which the defendant had the right to be present. "We have defined the phrase 'during the trial,' contained in Code § 19.2–259, to mean 'every stage of the trial from [the accused's] arraignment to his sentence, when anything is to be done which can affect his interest.' " *Jones v. Commonwealth*, 227 Va. 425,

---

3. A minor rephrasing in 1988 changed "if there be no trial commenced" to "if no trial is commenced." *See* 1988 Va. Acts, ch. 33.

428, 317 S.E.2d 482, 483 (1984) (quoting *Palmer v. Commonwealth*, 143 Va. 592, 605, 130 S.E. 398, 402 (1925)).

In *Burnley*, the defendant had the right to have the newly declared *Miranda* decision applied to him if his trial had not begun at the time the decision was handed down. Burnley had been arraigned but no evidence taken on the merits before *Miranda* was decided. The Court held that *Miranda* did not apply to Burnley because he had been arraigned; his trial had begun at that point. *See Burnley*, 208 Va. at 361, 158 S.E.2d at 111. On the other hand, in *Durham v. Commonwealth*, 208 Va. 415, 158 S.E.2d 135 (1967), the Court held that *Miranda* did apply because Durham had not been arraigned though a motion to suppress had been heard. " 'The trial of a criminal case begins with the arraignment of the prisoner.' " *Id.* at 420, 158 S.E.2d at 140 (quoting *Gilligan v. Commonwealth*, 99 Va. 816, 827, 37 S.E. 962, 965 (1901)).

If a defendant must be present at every stage of the trial, and if he must be present at the arraignment, then the trial has begun if the arraignment has occurred. That reasoning was applied in *Burnley*. *See* 208 Va. at 361, 158 S.E.2d at 111. In *Riddick v. Commonwealth*, 22 Va.App. 136, 468 S.E.2d 135 (1996), this Court relied upon that reasoning to determine whether Riddick's trial had started. If arraignment is a portion of the trial and if it has occurred, then, at a minimum, the trial must have begun.

I do not think it prudent to create new definitions for each new circumstance. However, with this decision we have two definitions of when the trial commences depending on the type of trial. If the trial is on a guilty plea, the trial commences with arraignment and evidence. If it is a trial by jury, the trial commences when the first juror is sworn for *voir dire* examination. If it is a trial without a jury, the majority makes apparent that an additional definition will be needed: when the first witness is sworn. Complications may develop if an accused changes the plea or mode of trial after first satisfying one statutory definition but not the definition applied to the type of trial finally held. Other definitions may be needed to

determine if notices or reports are timely filed. *See* Majority opn. at n. 2.

When the General Assembly wrote the current formulation of the speedy trial statute, it would have been aware of the decision declaring that a criminal trial began with arraignment. "Commence" is a simple term. Its definition is concise and constant. It permits clear and precise definition of the term associated with it. The point at which a trial begins should be susceptible of clear, precise definition. It should have one meaning if possible. I believe it has enjoyed that until now.

The point at which a trial commences need not be redefined to correct the problem noted in this case. The practice of arraigning and then postponing the balance of the proceedings past the period allowed under the speedy trial statute is not a common practice and may be unique to this jurisdiction. The defendant can easily prevent the wrong that occurred here by objecting to such a lengthy continuance of the "trial on the merits." The trial court would then know the defendant expected a prompt proceeding and could ensure that it occurred. That is the real purpose of the statute. Should the trial court not heed the objection, it is not likely that a mid-trial postponement that effectively denies the right to a speedy trial would be an appropriate exercise of discretion. The accused must now state his objection to a continuance requested by the Commonwealth, *see* Code § 19.2–243, and requiring objection to the procedure followed in this case would require no more.

Accordingly, I would affirm the trial court because a criminal trial begins at arraignment and the defendant never objected to the continuance that postponed the balance of the trial.