COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


RUDOLPH LYNWOOD HUTCHINS, JR.
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1439-97-3           JUDGE RUDOLPH BUMGARDNER, III
                                            JANUARY 19, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                       Charles M. Stone, Judge

          Vikram Kapil, Assistant Public Defender
          (Wayne T. Baucino, Assistant Public Defender,
          on brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     The defendant appeals his conviction of unlawful wounding.

He contends that the trial court denied his right to a speedy

trial.  Concluding that the trial commenced within the prescribed

time limits, we affirm the conviction.

     The defendant was arrested for malicious wounding and

remained in jail until convicted.  The district court found

probable cause on October 23, 1996.  Two weeks after the grand

jury indicted the defendant on two counts of malicious wounding,

the trial court arraigned the defendant, who pleaded not guilty

and requested a jury trial.  The arraignment was within five

months of the preliminary hearing, but the trial court did not

conduct the jury trial until well after the five-month period.

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

The trial court had a practice of arraigning all defendants indicted by the grand jury on a day shortly after term day. On that arraignment day, the court would not hear evidence but would set the cases over for further proceedings. On the succeeding date the court would conduct the balance of the trial proceedings. In the defendant's case, the proceedings were set over from February 25, 1997 to June 6, 1997 when it empaneled a jury which heard the evidence. The jury found the defendant guilty of one count of unlawful wounding.

Under Code § 19.2-243, the Commonwealth must commence the trial within five months of a probable cause finding. See Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). The time begins to run the day after probable cause is found. See Randolph v. Commonwealth, 22 Va. App. 334, 335, 470 S.E.2d 132, 133 (1996).

Six months and twenty-two days after his preliminary hearing, the defendant filed a motion to dismiss because the trial court had not commenced his trial within five months. The trial court denied the motion and convicted the defendant of one count of unlawful wounding. Relying on Riddick v. Commonwealth, 22 Va. App. 136, 468 S.E.2d 135 (1996), the trial court ruled that the arraignment had commenced the trial and that satisfied the time limitations of Code § 19.2-243. The defendant argues that Riddick does not hold that arraignment alone commences trial for the purposes of Code § 19.2-243. He maintains that

arraignment only commences the trial when it is part of a proceeding that includes presentation of evidence. At a minimum, the presentation must be a summary of stipulated evidence.

In Riddick, the court arraigned the defendant on the offense, he tendered a guilty plea pursuant to a plea agreement, and the Commonwealth presented a stipulation of the evidence. This Court rejected the defendant's argument that those proceedings did not commence his trial. It ruled that it is well established that the trial of a criminal case begins with the arraignment and ends when the trial court pronounces sentence upon the defendant. It held that the proceeding commenced the trial for purposes of Code § 19.2-243.

Riddick based its ruling on the authority of Burnley v. Commonwealth, 208 Va. 356, 158 S.E.2d 108 (1967). The Supreme Court relied on a long series of cases that held the defendant had to be present at the arraignment because it was a critical stage of the trial. Those cases stated that a trial begins with the arraignment. From that precedent, the Court concluded that a trial starts with arraignment when applying the Sixth Amendment rights pronounced in Miranda v. Arizona, 384 U.S. 436 (1966). See Burnley, 208 Va. at 362, 158 S.E.2d at 112.

In similar manner, in Riddick this Court also looked at the cases that decided whether a defendant must be present during arraignment. All of that authority cited Gilligan v. Commonwealth, 99 Va. 816, 37 S.E. 962 (1901), which stated "[t]he

trial of a criminal case begins with the arraignment of the prisoner, and ends with the sentence pronounced upon him by the court."  In Riddick, this Court concluded that a trial starts with arraignment when applying the statutory rights defined in Code § 19.2-243.  It extracted the principle from precedent and applied it to the specific issue before it just as the Supreme Court had done in Burnley.  Though the proceedings in Riddick consisted of the arraignment, the plea, and the stipulation of evidence, nothing in the analysis or opinion suggests the holding would apply the principle only when an evidentiary proceeding followed the arraignment.

The term, "arraignment," is a term of art describing a precise legal procedure.  It consists of formally calling the defendant to the bar, reading aloud the accusation contained in the indictment, and calling upon the defendant to plea to it. Technically the defendant's plea is not part of the arraignment.
 See Whitehead v. Commonwealth, 60 Va. (19 Gratt.) 230 (1870); Ronald J. Bacigal, Virginia Criminal Procedure § 15-1, at 279 (3d ed. 1994).  When this Court in Riddick analyzed precedent, it used "arraignment" as a term of art.  For us to hold that a trial commences only when the arraignment is combined with further stages of the trial would be to modify the holding of Riddick. That case held the trial commenced at the arraignment and is consistent with precedent.  To accept the defendant's argument would rewrite clear and controlling precedent.

The defendant complains that his right to a speedy trial means nothing if the trial court can simply hold the arraignment and then postpone the main trial proceedings as long as it wants. The argument has appeal, but it is not before us in this appeal. The trial court arraigned the defendant and commenced the trial. The defendant made no objection when the trial court continued the balance of the proceedings to June. He cannot now complain that the continuance violated his statutory or constitutional rights because his trial commenced within the permissible limits and he took no action to object to the trial court's continuing the balance of the trial. Had he done so, the trial court could have limited the delay, or on appeal we could have reviewed the ruling. See Rule 5A:18

We conclude that the trial commenced within the period required by statute and that the trial court did not err in denying the defendant's motion to dismiss for failure to commence the trial within those time limitations. Accordingly, we affirm.

Affirmed.

Lemons, J., concurring.

Under Code § 19.2-243, where an accused is charged with a felony and continuously incarcerated, the Commonwealth must "commence" the trial within five months of a finding of probable cause by the district court or, if there has been no preliminary hearing in the district court, within five months of a grand jury indictment or presentment.

In Riddick v. Commonwealth, 22 Va. App. 136, 143, 468 S.E.2d 135, 138 (1996), citing the Virginia Supreme Court in Burnley v. Commonwealth, 208 Va. 356, 362, 158 S.E.2d 108, 112 (1967), and Gilligan v. Commonwealth, 99 Va. 816, 827, 37 S.E. 962, 965 (1901), we held that, "it is well established that '"[t]he trial of a criminal case begins with the arraignment . . ., and ends with the sentence pronounced upon him by the court."'"

In Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996), the Virginia Supreme Court stated, "we hold that a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of stare decisis until overruled by a decision of the Court of Appeals sitting en banc or by a decision of this Court."

Accordingly, we are bound by the determination of the three-judge panel in the published decision in Riddick holding that for purposes of Code § 19.2-243 trial commences upon arraignment.

Having commenced the trial in compliance with Code

- 6 -

§ 19.2-243, the trial judge continued the proceedings without objection from Hutchins.

Accordingly, I concur in the result reached in Judge Bumgardner's opinion.

Coleman, J., dissenting.

Code § 19.2-243, referred to as the speedy trial act, provides that a person charged with a felony, whether confined in jail or on bail, shall be forever discharged from prosecution "if no trial is commenced" in the circuit court within specified times, subject to certain exceptions. This case requires that we determine when "a trial commence[s]" under Code § 19.2-243 for the purpose of tolling the speedy trial statutory period.

As to the right to a speedy trial as guaranteed by the United States Constitution, the United States Supreme Court has said:

> The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

United States v. MacDonald, 456 U.S. 1, 8 (1982).

The Virginia General Assembly enacted Code § 19.2-243 to "clarify and augment the constitutional guarantees of the Sixth Amendment of the United States Constitution and Article I, § 8 of the Virginia Constitution." Bunton v. Commonwealth, 6 Va. App. 557, 558, 370 S.E.2d 470, 470 (1988). The statute establishes as state policy, the maximum time periods that the state may hold an accused in jail or on bail before commencing his or her trial. If the state holds the accused in excess of the statutorily defined periods, the charges must be dismissed, subject to

- 8 -

certain exceptions.  As such, we are obligated to "construe [Code § 19.2-243] so as to assure both a defendant's constitutional right to a speedy trial and society's interest in 'swift and certain justice.'"  Clark v. Commonwealth, 4 Va. App. 3, 5, 353 S.E.2d 790, 791 (1987) (quoting Fowlkes v. Commonwealth, 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978)).  In my opinion, the majority's construction of the statute, specifically its determination of when the "trial is commenced," achieves neither of the purposes for which the statute was enacted.  The majority's construction renders any protection for the defendant or assurance for the public that an accused will be promptly brought to trial on the charges essentially meaningless.

The majority relies upon our holding in Riddick v. Commonwealth, 22 Va. App. 136, 468 S.E.2d 135 (1996), for the proposition that arraignment of an accused constitutes "the commencement of trial" in every speedy trial situation.  The majority holds that arraignment invariably constitutes "commencement of trial" for speedy trial purposes.  Under the majority's analysis, a trial court that merely arraigns a defendant within the statutory speedy trial period may thereafter subject the accused to prolonged and indefinite custody or bail prior to the actual trial of the case without violating the speedy trial statute.  The Riddick holding, however, is not so broad.  Accordingly, I respectfully dissent.

In Riddick the accused was not only arraigned, but pled

guilty and the Commonwealth presented evidence against him.  We

held in Riddick that under the facts of the case, the arraignment

constituted the commencement of the trial.  In support of that

finding, we underscored the important fact that Riddick pled

guilty at the arraignment.

> Article I, Section 8 of the Virginia
> Constitution provides that, "[i]n criminal
> cases the accused may plead guilty," and
> "[i]n case of such . . . plea of guilty, the
> court shall try the case."  (Emphasis added).
>  Code § 19.2–257 directs that "[u]pon a plea
> of guilty in a felony case, tendered in
> person by the accused after being advised by
> counsel, the court shall hear and determine
> the case without the intervention of a jury
> . . . ."  (Emphasis added).  The court,
> therefore, must "try," "hear" and "determine"
> the case upon a guilty plea, undertakings
> which clearly commence trial.

Riddick, 22 Va. App. at 143, 468 S.E.2d at 138 (emphasis added).

 Thus, although certain language in Riddick could be construed to

hold that arraignment alone commences trial for speedy trial

purposes, as the majority elects to do, I read the Riddick

opinion to hold that with a guilty plea trial "clearly

commence[s]" when the court "tr[ies]" or "hear[s]" the case.

In Riddick, the panel relied upon two cases in which the

Virginia Supreme Court held, in contexts other than speedy trial,

that a trial begins at arraignment.  First, in Burnley v.

Commonwealth, 208 Va. 356, 362, 158 S.E.2d 108, 112 (1967), the

Virginia Supreme Court determined whether the Miranda safeguards

applied to an appellant's prosecution.  Noting that the United

States Supreme Court had held the Miranda decision applied to

trials beginning after June 13, 1966, the Virginia Supreme Court held that, for the purpose of applying <u>Miranda</u> prospectively, trials began at arraignment.  <u>See</u> <u>id.</u> (citing <u>Johnson v. New Jersey</u>, 384 U.S. 719, 734 (1966)).  To support its conclusion, the Court cited its holding in <u>Gilligan v. Commonwealth</u>, 99 Va. 816, 827, 37 S.E. 962, 965 (1901), in which a defendant alleged that the trial court violated his right to be present at a post-verdict hearing.  The Court held that a defendant's right to be present during trial began with arraignment and ended with pronouncement of sentence.  <u>See</u> <u>id.</u>

Second, in <u>Jones v. Commonwealth</u>, 227 Va. 425, 317 S.E.2d 482 (1984), the appellant asserted the trial court erred by viewing the crime scene without his being present.  <u>See</u> <u>id.</u> at 428, 317 S.E.2d at 483.  Holding that a view is part of the trial, the Court defined the trial in this context as extending from arraignment to sentencing.  <u>See</u> <u>id.</u>  Although these cases, relied upon by the majority, state that arraignment is the beginning of trial, none of them so hold in the context of the right to a speedy trial.  Thus, while they do lend support for the holding by our panel in <u>Riddick</u>, which held that arraignment and the guilty plea constitutes commencement of the trial for purposes of the speedy trial statute, that holding does not, in my view, stand for the proposition or require a holding that trial commences for all purposes with an arraignment.  A different set of values is at stake when determining when trial

- 11 -

begins to alleviate a defendant's or the public's concern that an accused be brought to trial promptly.

I would hold that Hutchins's arraignment and plea of not guilty did not "commence his trial."  Reason dictates that for purposes of Code § 19.2-243, the speedy trial act, we should determine that "trial commences" at a time which gives meaning to the purpose of the statute by ensuring both the defendant's and the public's rights to have an accused timely brought to justice. Allowing a court to satisfy the statute by merely arraigning an accused and deferring the actual beginning of a trial for months essentially nullifies the act.  Under federal law, trial commences for the speedy trial act not upon arraignment, but rather upon <u>voir</u> <u>dire</u> of the jury.  <u>See</u> <u>United States v. A-A-A Elect. Co.</u>, 788 F.2d 242, 246 (4th Cir. 1986).  The logical standard, I believe, for when "trial commences" under Code § 19.2-243 is when jeopardy attaches.  Thus, I would hold that for speedy trial purposes "trial commences," not with the arraignment, but rather with the empaneling of the jury or swearing of the first witness in a bench trial, <u>see</u> <u>Peterson v. Commonwealth</u>, 5 Va. App. 389, 395, 363 S.E.2d 440, 444 (1987), or when a guilty plea is tendered, with arraignment <u>and</u> acceptance of the plea, as in <u>Riddick</u>.  Such a holding finds support from the similar federal standard, gives effect to the intended purpose of the statute, and would not directly conflict with

- 12 -

Riddick's holding.[1]

The majority's holding frustrates the intended purpose of the speedy trial statute, it is not dictated by our case law, and it ignores established rules of statutory construction.  For these reasons, I dissent.

---

[1]As to when jeopardy attaches in a guilty plea, language in Peterson suggests that jeopardy attaches upon acceptance of a guilty plea.  However, neither Peterson nor the case upon which Peterson relied, Ricketts v. Adamson, 483 U.S. 1, 8 (1987), foreclosed that jeopardy might also attach at an earlier time than acceptance of the guilty plea, such as the tendering of a guilty plea.