**Alexandria**

ARTHUR NELSON SISK

v.

COMMONWEALTH OF VIRGINIA

No. 0906-85

Decided November 18, 1986

■

COUNSEL

E. Eugene Gunter, for appellant.

Lucy H. Allen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—Arthur Nelson Sisk seeks reversal of his felony conviction of driving after having been declared an habitual offender. He contends that he was wrongfully tried in his absence after the trial judge ruled that he waived his right to be present at his felony trial by failing to appear. We agree that, under the circumstances of this case, Sisk should not have been deemed to have waived or forfeited his right to be present at trial.

Sisk was arrested on June 14, 1984, and charged with operating a motor vehicle after having been declared an habitual offender. He appeared in the Circuit Court of Frederick County on July 6, 1984, to answer the indictment and counsel was appointed to represent him. He appeared for trial on August 7, 1984, but requested that a different attorney be appointed to represent him. The court denied his request but continued the case for trial on September 7, 1984. Sisk was bailed out of jail that day and signed a bond form which contained the following warning:

Failure to fulfill the terms and conditions above or any violation thereof may result in your arrest and forfeitures of the bond on the lower portion of this page (if applicable). Failure to appear may result in your being tried and convicted in your absence. Failure to appear is a separate offense. If bonded to appear in circuit court on a misdemeanor charge, failure to appear constitutes waiver of trial by jury.

Sisk's newly retained counsel appeared in court on August 30, 1984, and moved for a continuance since he had just been employed and needed more time to prepare. The court continued the case until September 19, 1984, for a trial by jury. Sisk appeared

on September 19, 1984, and pursuant to a plea agreement with the Commonwealth, sought to plead guilty. The trial court allowed Sisk to change his plea to guilty, but after hearing the terms of the plea agreement, the court rejected the agreement. Sisk reappeared with counsel on October 4, 1984, to set a new date for trial, but the date was not set because a new judge had not been designated to hear the case. Sisk again appeared on November 1, 1984, and changed his plea to not guilty. He reappeared with counsel on December 3, 1984, and the case was set for trial on January 7, 1985. On January 7, 1985, the trial court entered an order reflecting continuance of the case until January 9, 1985, because Sisk's counsel was unavailable due to his participation in another trial that had not yet ended. Sisk was not in court at the time of the continuance. Sisk failed to appear on January 9, 1985, for trial. The case was again continued, this time until February 4, 1985. In every one of the orders continuing the case, the court "continue[d] the defendant's bail bond for his appearance at that time and date."

Sisk did not appear on February 4, 1985. The trial judge found that: (1) a new trial date could not be fixed in a reasonable time in the future with assurance that Sisk would appear; and (2) there would be a great inconvenience to jurors, witnesses, and court personnel if another continuance was granted. The court proceeded to try Sisk in his absence with a jury which found him guilty and fixed his sentence at the maximum penalty of five years in the penitentiary.

The trial court delayed sentencing until March 27, 1985, by which time Sisk had returned to the jurisdiction. Sisk claimed that he went to Florida, believing that he could be back in time for the January 7, 1985 trial date, but that his brother, who took him there, left him with no way to return. Sisk testified that he became frightened and did not know what to do because he had no money to return, but that when he learned from his employer of the March sentencing date, he worked and earned money to return.

In reaching our decision, we first consider whether Sisk was on notice that his failure to appear for trial would result in being tried in his absence.

Code § 19.2-258 provides in pertinent part:

> When a person charged with a misdemeanor has been admitted to bail or released upon his own recognizance for his appearance before a court of record having jurisdiction of the case, for a hearing thereon and fails to appear in accordance with the condition of his bail or recognizance, he shall be deemed to have waived trial by a jury and the case may be heard in his absence as upon a plea of not guilty.

Code § 19.2-258 applies only to cases where a person accused of a *misdemeanor* "shall be deemed to have waived trial by a jury and the case . . . heard in his absence." It is significant that the General Assembly did not also provide that failure to appear at a felony case would be deemed a waiver of the right to be present. To have done so would contradict Code § 19.2-259 which provides: "A person tried for felony shall be personally present during the trial." Thus, there is no express statutory authorization for holding that a person not appearing at his felony trial will be deemed to have waived his right to be present.

■ There is a presumption against a defendant's waiver of any constitutional right. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Great care is taken at every stage of the proceeding, from arrest to trial, to determine if a defendant is knowingly and voluntarily waiving constitutional rights. The processes normally employed to ensure that waivers of constitutional rights are knowing and intelligent bear no resemblance to the waiver asserted in this case based on the bonding form. This result, we infer, exists because in the past it was not generally assumed that failure to appear after having executed the bonding form would constitute a waiver of the constitutional and statutory right to be present at trial.

■ A panel of this court decided that under certain circumstances a person charged with a felony may waive or forfeit his right to be present at trial. *See Head v. Commonwealth*, 3 Va. App. 163, 348 S.E.2d 423 (1986). That panel primarily relied upon *Jones v. Commonwealth*, 227 Va. 425, 317 S.E.2d 482 (1984), which held that a defendant could voluntarily waive his right to be present at a view, a part of the trial at which no evidence was taken.

Also, the Supreme Court has previously held that a defendant may forfeit his sixth amendment right of confrontation due to his misconduct at trial. *Quintana v. Commonwealth*, 224 Va. 127, 144-45, 295 S.E.2d 643, 651-52 (1982).

> [A]n accused may *forfeit* his right to be present at his trial "if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom."

*Id.* at 144, 295 S.E.2d at 651 (emphasis in original) (quoting *Illinois v. Allen*, 397 U.S. 337, 343 (1970)). We particularly note that the defendant in *Quintana* was *warned* by the judge of the consequences of his action before he was held to have forfeited his right to be present at trial. *See also Bilokur v. Commonwealth*, 221 Va. 467, 270 S.E.2d 747 (1980) (sixth amendment right of confrontation may be waived).

When a defendant is first arrested, if questioned, the police read to him the *Miranda* warnings, ask him if he understands them, and ask him if he wishes to waive those rights. If he does, it is also normal for him to sign a form acknowledging that he has read the rights, understands them, and voluntarily waives them. He is then taken before a magistrate for a bond hearing. If he is bonded, he signs a bond form which, in Sisk's case, contains a paragraph labeled "WARNING" in bold print one half the size of other bold print on the page, the text of which has been cited above. Within a few days thereafter, the defendant appears before a general district court judge and is advised of his right to be represented by counsel at all further stages of the proceeding.

After a preliminary hearing, if the case is certified and the defendant is indicted by the grand jury, he is brought before the circuit court for arraignment at which time the defendant is given the opportunity to plead. In accepting the defendant's plea, the judge must determine if the accused is aware of his constitutional rights, the nature of the charges against him, and whether the plea is intelligently and voluntarily made, all of which must appear on the record. *See Boykin v. Alabama*, 395 U.S. 238 (1960); Rule 3A:8(b), Forms 6 and 7. Sisk was asked these questions when he first pled not guilty. However, he was not asked whether

he knew that failure to appear at any further stage of the proceedings would be deemed a waiver of his right to be present at trial. We contrast this procedure with the questions asked a defendant who pleads guilty, because, for all practicable purposes, a defendant who fails to appear at his trial is taking an action that will probably result in consequences as serious as those flowing from a guilty plea. Pursuant to Rule 3A:8, Form 6, the defendant is also asked a number of the same questions the judge would ask a defendant pleading not guilty. In addition, he is asked numerous additional questions about whether he is voluntarily pleading guilty and whether he understands the consequences of such a plea.

Furthermore, he is asked whether he has entered into a plea agreement and whether he understands the ramifications of any such agreement. He is also always asked if he has discussed his plea with his lawyer. Sisk was asked these questions when he changed his plea to guilty.

Significantly, at no stage of the proceedings, before or after arraignment of a defendant who pleads not guilty, are any specific inquiries made about whether the defendant understands that failure to appear during the course of the trial would be deemed to constitute a waiver of the right to be present and that he would be tried in his absence. With regard to the waiver of all of the other constitutional rights associated with the conduct of a trial, the court ascertains from the defendant's verbal response that the defendant knowingly and intelligently waives those rights. We believe the waiver of the right to be present at trial should be treated with at least the same dignity as the defendant's exercise of his right to be tried by a jury. We regard the waiver of the right to be present of no lesser importance than other rights. We do not regard the bond warning as a sufficient basis upon which to find a knowing and intelligent waiver because the bond may have been too casually considered in this case for the defendant to have known the consequences of his act, and there is no other evidence that the defendant knew or should have known or understood the consequences of his action.

The extensive questioning of the defendant before the acceptance of his plea without warning him that future absence would constitute waiver of the right to be present could suggest to the defendant that no such risk exists.

Only once in the previous history of the Commonwealth has the language found in the bond form been a factor used to supply the basis for a finding that the defendant was adequately warned that the court could try him in his absence if he failed to appear. *See Head*, 3 Va. App. at 170, 348 S.E.2d at 428. Before the decision in *Head*, the language in the bonding form was not generally thought to be applicable to felony cases. Thus, past practice provided no basis for finding a knowing and intelligent waiver; to the contrary, it provided just the opposite inference.

Before *Jones*, except for the disruptive conduct waiver in *Quintana*, it was axiomatic that a mistrial would be declared if a defendant was outside of the courtroom at any time during trial. It had long been recognized that presence at the trial was jurisdictional and could not be waived. *Jones*, 227 Va. at 428-29, 317 S.E.2d at 483-84. The holding in *Jones*, however, involved the right to be present at a view where no evidence was taken, when the "defendant was asked to be there and waived his right to be there." *Jones*, 227 Va. at 427, 317 S.E.2d at 483. In this context, the court held that the right to be present at trial is not "jurisdictional" and is a right that "may be waived." *Id.* at 430, 317 S.E.2d at 485. That language was relied upon in *Head* to uphold a conviction where the defendant did not appear at trial. Head was tried on November 13, 1984, in the same circuit court as Sisk. However, Head's conviction was not upheld in this court until September 16, 1986. Thus, we believe that prior precedent and procedure would not have adequately warned the defendant (or his attorney) of the consequence of failing to appear. We, therefore, conclude that Sisk should not be deemed to have knowingly waived or forfeited his right to be present at his trial by failing to appear. We recommend that the trial judge inform the defendant, upon accepting his plea, that failure to appear after arraignment may be deemed a waiver or forfeiture of his right to be present during the trial and that the trial will commence in his absence. The arraignment is a significant stage of the proceedings because it is generally considered the point at which a criminal trial begins. *See Durham v. Commonwealth*, 208 Va. 415, 420, 158 S.E.2d 135, 140 (1967). In *Jones*, the Supreme Court reasoned that "[i]t would be wholly unrealistic to say . . . that, although a court may possess jurisdiction of the offense and the alleged offender when it commences a felony trial, it is ousted of jurisdiction by the absence of the accused from some later part of the

trial." *Jones*, 227 Va. at 429, 317 S.E.2d at 484. This additional warning will provide the basis for a subsequent finding that the defendant knew and understood that he has a right to be present at trial and that he might waive or forfeit that right by his absence. If the defendant failed to appear, the record will provide prima facia evidence of the knowing forfeiture or waiver of his right to be present.

Accordingly, we reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*

Keenan, J., concurred.

Benton, J., concurring.

I concur in the judgment because I believe that the record does not support a finding that Sisk voluntarily waived or forfeited his right to be present at trial.