Richmond

GARY PATRICK HUNTER

v.

COMMONWEALTH OF VIRGINIA

No. 1088-90-2

Decided September 24, 1991

COUNSEL

Scott Goodman, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Gary Patrick Hunter, the appellant, appeals his convictions of attempted robbery and use of a firearm in the commission of attempted robbery. On appeal, the appellant asserts that the trial court: (1) erred in proceeding with trial in his absence; and (2) improperly instructed the jury after it returned an inconsistent verdict. We agree that, under the circumstances of the case, the appellant should not have been deemed to have waived his right to be present at trial, and, therefore, we reverse.

The appellant was indicted for the attempted robbery of a Charlottesville ABC store and the use of a firearm in the commission of attempted robbery. Trial was set for August 29, 1990. On that date, the appellant did not appear in court. Defense counsel stated that he had spoken with the appellant the previous evening and there was "no question" that the appellant knew trial was scheduled for this date. Defense counsel stated that the appellant had "made at least six appearances in court on this particular case . . . his last appearance being on June 7 for a motion's hearing. . . . Our communication has been good and this was the first

indication this morning that he would not be here today." Defense counsel also stated that he had received a phone call that morning from the appellant's wife informing him that the appellant was absent because "of the failure to continue this case past other cases that he had scheduled in Lynchburg and Amherst."

The Commonwealth's attorney stated that the appellant was also charged with the robbery of an ABC store in Amherst, Virginia. Trial in that case was set for September 11, 1990. At a pretrial hearing in the Amherst case, the court decided that evidence of a fingerprint from the crime in Charlottesville could be used in Amherst.

The court stated that the appellant could not readily be afforded a new trial because the docket was full through the end of the year. The Commonwealth's attorney stated that he had summoned eleven witnesses and, although he could not represent that his witnesses would not be present at a subsequent trial, it was difficult to coordinate their schedules for a new trial date. One witness, a student at VCU, had to miss class to be present. Defense counsel stated that the two clerks in the ABC store had testified in the preliminary hearing and their recorded testimony would be available should the witnesses later become unavailable. However, a third witness to the robbery had not previously testified.

The trial court found that the appellant had voluntarily waived his right to be present at trial and that "the defendant's behavior in not appearing is prejudicial to the Commonwealth." Relying on *Head v. Commonwealth*, 3 Va. App. 163, 348 S.E.2d 423 (1986), the court found that it was appropriate to try the appellant *in absentia*. Accordingly, the court entered a not guilty plea on the appellant's behalf and a jury was impaneled. The jury panel was informed that "Mr. Hunter is not with us today, but we will proceed with trial and those of you who will serve on the jury will not hold it against Mr. Hunter because he is not present."

At the close of all the evidence, the jury was instructed on attempted robbery, use of a firearm while attempting to commit robbery, and brandishing a firearm. The jury was instructed that, if it found that the Commonwealth had not proved the attempted robbery, the appellant could be convicted of brandishing. The jury was instructed that they could find the appellant guilty of use of a

firearm only if they found the appellant guilty of attempted robbery.

The jury returned verdicts finding the appellant guilty of both attempted robbery and brandishing. The court did not announce the verdict on the firearm charge. The court then further instructed the jury that they could not convict the appellant of both attempted robbery and brandishing. The court also stated, "[I]f you do not find the defendant guilty of attempted robbery, then the only verdict you can come back with on the use of a firearm is not guilty." After further deliberation, the jury found the appellant guilty of attempted robbery and use of a firearm.

■ "A defendant's right to be present at trial arises from two sources, the sixth amendment[1] and Code § 19.2-259."[2] *Head v. Commonwealth*, 3 Va. App. 163, 168, 348 S.E.2d 423, 426 (1986). "The sixth amendment right of confrontation is 'a fundamental right.'" *Id.* (quoting *Pointer v. Texas*, 380 U.S. 400, 403 (1965)). Code § 19.2-259 has been "read very broadly. The Supreme Court has defined the phrase 'during the trial' to mean 'every stage of the trial from [the accused's] arraignment to his sentence, when anything is to be done which can affect his interest.'" *Brittingham v. Commonwealth*, 10 Va. App. 530, 533, 394 S.E.2d 336, 338 (1990)(quoting *Palmer v. Commonwealth*, 143 Va. 592, 605, 130 S.E. 398, 402 (1925)).

■ Under certain circumstances, the trial court may properly proceed with the trial in the defendant's absence. In *Head*, this Court stated:

If the defendant is found to have voluntarily waived his right to be present, and it is further found that the burden of a continuance would be prejudicial to the Commonwealth's case, then the trial may, in the sound discretion of the court, properly proceed in the defendant's absence. To hold otherwise would permit a defendant free on bond and having notice of the trial date to obstruct the course of justice without a compelling reason. This we refuse to do.

---

[1] The confrontation clause of the sixth amendment provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.

[2] Code § 19.2-259 provides, in part, "A person tried for felony shall be personally present during the trial."

3 Va. App. at 170, 348 S.E.2d at 428. Therefore, we must determine: (1) whether the appellant waived his right to be present at trial; and (2) if so, whether a continuance would have been prejudicial to the Commonwealth's case.

■ "There is a presumption against a defendant's waiver of any constitutional right." *Sisk v. Commonwealth*, 3 Va. App. 459, 462, 350 S.E.2d 676, 678 (1986)(citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A waiver of a constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson*, 304 U.S. at 464. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970)(footnote omitted).

Two separate panels of this Court have considered "whether a defendant who has voluntarily absented himself from the entire trial, after presence at arraignment, has effectively waived his right to be present at trial." *Head*, 3 Va. App. at 169, 348 S.E.2d at 427; *see also Sisk*, 3 Va. App. 459, 350 S.E.2d 676. In *Head*, the defendant was present at his arraignment, at which time the trial date was announced in open court. Head was released that same day on a bond which warned, "Failure to appear may result in your being tried and convicted in your absence." 3 Va. App. at 165, 348 S.E.2d at 425. On the day of trial, the defendant was absent and his attorney could give no explanation for his absence. The trial court proceeded with the jury trial *in absentia*. Relying primarily on the language of the bond, this Court found that the defendant had waived his right to be present.

Two months later, this Court decided *Sisk*. In *Sisk*, the defendant was present at arraignment and remained free on bond. The bond, as in *Head*, warned that, "Failure to appear may result in your being tried and convicted in your absence." 3 Va. App. at 460, 350 S.E.2d at 677. Again, the defendant did not appear at trial. The Court stated:

We believe the waiver of the right to be present at trial should be treated with at least the same dignity as the defendant's exercise of his right to be tried by a jury. We regard the waiver of the right to be present of no lesser importance than other rights. We do not regard the bond warning

as a sufficient basis upon which to find a knowing and intelligent waiver because the bond may have been too casually considered in this case for the defendant to have known the consequences of his act, and there is no other evidence that the defendant knew or should have known or understood the consequences of his action.

*Id.* at 464, 350 S.E.2d at 680. The Court noted that, because *Head* was not decided at the time of Sisk's trial, "prior precedent and procedure would not have adequately warned the defendant (or his attorney) of the consequence of failing to appear." *Id.* at 465, 350 S.E.2d at 680. The Court concluded that Sisk should not be deemed to have knowingly waived his right to be present. The Court went on to recommend that "the trial judge inform the defendant, upon accepting his plea, that failure to appear after arraignment may be deemed a waiver or forfeiture of his right to be present during the trial and that the trial will commence in his absence." *Id.*

Turning to the present case, the defense counsel's representations to the court make it clear that the appellant had personal knowledge that trial was scheduled for August 29, 1990. The record also indicates that the appellant was absent voluntarily.[3] However, more than knowledge of the trial date and voluntary absence is required. The appellant's waiver of his right to be present at trial must have been knowing and intelligent and "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748.

█ What is needed to show a voluntary and intelligent waiver are the type of warnings envisioned in *Sisk*. As the Court stated:

This additional warning will provide the basis for a subsequent finding that the defendant knew and understood that he has a right to be present at trial and that he might waive or forfeit that right by his absence. If the defendant failed to appear, the record will provide prima facie evidence of the knowing forfeiture or waiver of his right to be present.

---

[3] The court should seek reliable evidence that the appellant is voluntarily absent and cannot assume that an appellant's absence is voluntary.

3 Va. App. at 466, 350 S.E.2d at 680. A voluntary and intelligent waiver of the right to be present at trial could be shown by establishing that an officer of the court has explained to the defendant that failure to appear at trial could result in his being tried in his absence. Here, no bond language is contained in the record as in *Head* and *Sisk*,[4] the appellant was not arraigned, and no *Sisk* warnings were given. Likewise, there is no evidence that the defendant was informed by the court or anyone else that his absence could result in trial without him. We do not intend to limit the manner in which the trial court may determine that the appellant has made a knowing and intelligent waiver of the right to be present at trial. We do, however, hold that voluntary absence, standing alone, does not constitute a knowing and intelligent waiver.

Therefore, we hold that there was no knowing and intelligent waiver by the appellant of the right to be present at trial. Since there was no waiver, it is unnecessary to consider whether a continuance would have been prejudicial to the Commonwealth. It is also unnecessary to reach the second issue on appeal. Accordingly, the decision of the trial court is reversed and remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Benton, J., concurred.

---

[4] Because the record in this case contains no bond, we do not address in this opinion what provisions in a bond or under what circumstances the execution of such bond would be sufficient to show a voluntary and intelligent waiver. *See Sisk*, 3 Va. App. at 465, 350 S.E.2d at 680, and *Head*, 3 Va. App. at 170, 350 S.E.2d at 428.