COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Senior Judge Annunziata
Argued at Richmond, Virginia


NORMAN WESLEY WRIGHT

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0012-08-2          JUDGE ROBERT J. HUMPHREYS
                                                     JANUARY 20, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

Randy B. Rowlett (Gordon, Dodson, Gordon & Rowlett, on brief),
for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Norman Wesley Wright ("Wright") appeals his conviction for felony embezzlement, in

violation of Code §§ 18.2-111 and 18.2-95.  On appeal, Wright contends that the trial court erred

in trying him in his absence, in violation of the Sixth Amendment and Code § 19.2-259.  For the

following reasons, we agree and reverse the conviction.

In Virginia, "'[a] defendant's right to be present at trial arises from two sources, the

[S]ixth [A]mendment and Code § 19.2-259.'"  Hunter v. Commonwealth, 13 Va. App. 187, 190,

409 S.E.2d 483, 485 (1991) (internal footnotes omitted) (quoting Head v. Commonwealth, 3

Va. App. 163, 168, 348 S.E.2d 423, 426 (1986)).  However, "[i]t is a well-recognized principle

of appellate review that constitutional questions should not be decided if the record permits final

disposition of a cause on non-constitutional grounds."  Keller v. Denny, 232 Va. 512, 516, 352

S.E.2d 327, 329 (1987).  Because we hold that the trial court violated Code § 19.2-259 when it

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

proceeded to try Wright in his absence, we do not address the issue of whether it also violated his Sixth Amendment right to be present at trial.

Code § 19.2-259 provides that "[a] person tried for felony shall be personally present during the trial." However, "[i]f the defendant is found to have *voluntarily* waived his right to be present, and it is further found that the burden of a continuance would be prejudicial to the Commonwealth's case, then the trial may, in the sound discretion of the court, properly proceed in the defendant's absence." Head, 3 Va. App. at 170, 348 S.E.2d at 428 (emphasis added). Therefore, we must first determine whether Wright was absent voluntarily before deciding "(1) whether [Wright] waived his right to be present at trial; and (2) if so, whether a continuance would have been prejudicial to the Commonwealth's case." Hunter, 13 Va. App. at 191, 409 S.E.2d at 485.

In Hunter, we stated that "[t]he court should seek reliable evidence that the appellant is voluntarily absent and cannot assume that an appellant's absence is voluntary." Id. at 192 n.3, 409 S.E.2d at 486 n.3. Nothing in the record of this case constituted "reliable evidence" that Wright's absence was voluntary. Id. Wright appeared for his preliminary hearing on January 9, 2007. At the preliminary hearing, Wright was released on a bond until the date of the next docket call. However, as is apparently customary in the Circuit Court of Chesterfield County, Wright's attorney ("counsel") pre-set Wright's trial prior to the date of the docket call. Counsel then sent Wright a letter explaining that his trial was now set for April 3, 2007 and that he no longer needed to appear at docket call. The letter was sent by first class mail to Wright's last known address and was not returned. Though he expected Wright to be present at trial, counsel received no response to his letter and had no communication with Wright prior to trial.

The Commonwealth contends that this Court should apply "the presumption that a letter properly mailed is presumed to be received" and hold that Wright had notice of his trial date.

However, the Commonwealth's argument is not relevant unless Wright's absence was also voluntary. Even if we accepted the Commonwealth's position, the most it can establish is that Wright presumptively received counsel's letter and, therefore, had notice of his trial date. Like the trial court, the Commonwealth assumes Wright's absence was voluntary based solely upon his failure to appear. However, we have held that a trial court "cannot assume that [a defendant's] absence is voluntary" simply because he is not present at trial, unless it has "reliable evidence" to that effect. Hunter, 13 Va. App. at 192 n.3, 409 S.E.2d at 486 n.3.

Because the record is without any evidence to establish that Wright was voluntarily absent from trial, we hold that the trial court erred when it proceeded in his absence. Therefore, we reverse the decision of the trial court and remand for a new trial if the Commonwealth be so advised.

Reversed and remanded.