COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Senior Judges Clements, Haley and Petty

JAMES REID

MEMORANDUM OPINION*
v.      Record No. 0948-21-2                         PER CURIAM
                                                     JULY 5, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Daniel T. Balfour, Judge

(Amanda Nicole Mann, on brief), for appellant.  Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on briefs), for appellee.  Appellee submitting on
briefs.

Counsel for James Reid, appellant, filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).  A copy of

that brief has been furnished to appellant with sufficient time for him to raise any matter that he

chooses.  On appeal, appellant, through counsel, argues that the trial court erred when it

convicted him of assault and battery of a corrections officer.  He also appears to argue, *pro se*, that

his not guilty plea was unknowingly and unintelligently given because the trial court failed to ask

him questions pertaining to his constitutional rights and his preparedness for trial.  Additionally, he

argues that he received ineffective assistance of counsel at trial.

We have reviewed the parties' pleadings, fully examined the proceedings, and determined

the case to be wholly without merit as set forth below.  Thus, the panel unanimously holds that oral

argument is unnecessary.  *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On August 12, 2021, appellant appeared before the Circuit Court of Prince George County for a trial by judge. Appellant was charged with assault and battery of a Department of Corrections employee and abduction in violation of Code §§ 18.2-57(C) and 18.2-47. He pled not guilty to each offense. A *voir dire* not guilty form was presented to the trial court and, after placing appellant under oath, the court reviewed the form with appellant. Appellant affirmed that he had reviewed the questions with his attorney, had understood each question before answering it, and had answered each question truthfully. Appellant acknowledged that he had plead not guilty freely and voluntarily and that he wished for a judge to try the case. He attested that he had given his attorney the names of witnesses and that they were present and confirmed that he was ready for trial. Defense counsel made a motion to exclude witnesses, which the trial court granted. The trial court asked if there were any other pretrial motions and defense counsel responded that there were not and that her "only witness is another inmate who is in lockup, so he is properly excluded."

Lieutenant Charlene Jones testified that she worked for the Riverside Regional Jail in the Office of Professional Review and that she keeps and maintains video records of incidents that occur at the jail. Lieutenant Jones became aware of an incident that occurred on April 28, 2020 in

housing unit two bravo and made a DVD of the incident.[1]  On cross-examination Lieutenant Jones admitted that she only interviewed Corporal Mayes during her investigation of the incident.

On April 28, 2020, Corporal S. Mayes and Officer Jebon Dabney were on duty and in uniform displaying their badges of authority in housing unit two bravo at the jail.  At that time, they were distributing Ramadan trays to inmates.  Corporal Mayes explained that Ramadan trays are meals which are specifically prepared for Sunni and Nation of Islam inmates.  As Corporal Mayes distributed trays, Officer Dabney opened the cell doors from the control station in the center of the pod.

Corporal Mayes went to cell twenty-four where appellant and Watford[2] were housed and delivered a Ramadan tray to appellant.  Appellant was supposed to receive a Nation of Islam Ramadan tray with a lunch bag; however, appellant's tray did not have a bag.  When appellant informed Corporal Mayes that there was no bag on his tray, Corporal Mayes advised appellant that he would investigate it after he had finished serving all the trays.  Later Corporal Mayes discovered that Nation of Islam bags were mislabeled as Sunni bags, and he went back to appellant's pod to deliver the bag.  While Corporal Mayes looked for the bags, Officer Dabney observed appellant toss his tray at the cell door.

When Corporal Mayes returned to appellant's cell, he noticed that food covered the glass window.  He directed Officer Dabney to open the cell door so that he could ensure that appellant was safe.  When the cell door opened appellant was sitting on a stool in the middle of the room.  Corporal Mayes attempted to give appellant the bag, but appellant did not take if from him, so he put the bag on the sink and started to exit the cell.

---

[1] The Court was unable to view Commonwealth's Exhibit 1, which according to the transcript is surveillance footage of the incident.

[2] During his testimony, Corporal Mayes could only remember inmate Watford's surname.

- 3 -

Contemporaneously, appellant walked towards the cell door. Corporal Mayes told appellant he could not leave the cell to which appellant responded that he wanted to speak to the sergeant. Corporal Mayes reiterated that he could not immediately speak with a sergeant. Appellant, however, continued approaching, so Corporal Mayes pushed appellant backwards into the cell. Corporal Mayes explained that he pushed appellant back because he was attempting to secure the door.

Appellant struck Corporal Mayes on the right side of his face. Corporal Mayes attempted to grab appellant's hands and instead appellant pulled him into the cell and positioned himself between Corporal Mayes and the cell door. As the two grappled, appellant hit Corporal Mayes in the head a second time. Corporal Mayes then slipped, lost his balance, hit his chin on the desk or the toilet, and lost consciousness for several seconds. When he regained consciousness, he saw that backup had arrived and appellant was standing against the wall. On cross-examination Corporal Mayes clarified that when appellant attempted to exit the cell, he "first put a hand up to block [appellant] from going any further, but when [appellant] tried to push past [him] and [he] pushed [appellant] into the cell." Corporal Mayes also acknowledged that he knew appellant frequently had filed grievances and complaints.

Officer Dabney testified that when he opened appellant's cell door upon Corporal Mayes' return, he observed appellant attempt to exit the cell and heard appellant ask for a sergeant. Officer Dabney heard Corporal Mayes tell appellant that he could not speak to a sergeant as trays and bags were being distributed. Appellant, however, continued to try to push past Corporal Mayes. To stop appellant from leaving Corporal Mayes put his arm up to block appellant's exit. Appellant stated "[d]on't touch me" and tried to push past Corporal Mayes again. Corporal Mayes put his arms up again, and appellant struck him in the face.

Officer Dabney called for staff to respond to help, and he proceeded to the cell; however, Watford prevented him from entering. At that point, Officer Dabney saw that Corporal Mayes had fallen and was lying on the ground. Appellant had Corporal Mayes' "shirt in his hand and was drawing back with a closed fist, but he did not proceed to hit [Corporal Mayes]." Seconds later more staff responded, handcuffed appellant, and took him to the medical unit. Officer Dabney observed a gash on Corporal Mayes' chin and a mark on his head from which he was bleeding. On cross-examination Officer Dabney testified that he did not see appellant stumble backwards when Corporal Mayes pushed him. When he arrived at the cell door, he saw Corporal Mayes and appellant grappling on the floor, but his attention was focused on Watford.

Appellant moved to strike the evidence as to the abduction charge. The trial court denied the motion.

Testifying for appellant, Antwon Dean stated that he was housed at the jail in the same unit as appellant in a second level cell across from appellant's cell. During tray distribution on April 28, Dean observed Corporal Mayes grab appellant by the shoulder and push him to the back of the cell. Dean stated that no one from Riverside Office of Professional Review tried to speak with him about this incident and that he did not have a prior relationship with appellant. Dean reiterated that Corporal Mayes "was standing outside of the door, [appellant] was standing in the doorway, and then he, like, pushed him into the cell."

Appellant testified in his own defense. He attested that when Corporal Mayes came to his cell, he was sitting on a stool in the middle of the floor talking to Watford. Once Corporal Mayes came into the cell to set the bag on the table he immediately stood up and attempted to leave the cell. Appellant explained that he was attempting to "avoid a confrontation" by leaving the cell while Corporal Mayes was inside because "staff [are] not supposed to be in the cell with an inmate unless a supervisor is with them." Corporal Mayes grabbed appellant's shoulder and pushed,

- 5 -

causing appellant to stumble backwards. Appellant repeatedly asked for a supervisor while Corporal Mayes stood in the doorway. Appellant testified that Corporal Mayes then "grabbed [him] out of the blue and drove [him] backwards into the cell" and the pair grappled until backup officers arrived. Appellant testified that grappling meant that they were "holding on to (sic) each other, you know. I guess jockeying for position." Appellant denied that he struck Corporal Mayes or refused to let Corporal Mayes leave the cell.

At the conclusion of all the evidence, appellant renewed his motion to strike the evidence as to the abduction charge, and the trial court granted the motion. Appellant then argued in closing that the corrections officers should not be believed. Corporal Mayes was aware that appellant often filed grievances. Appellant emphasized that the jail's investigator did not speak with him nor any of the other inmates and only with Corporal Mayes, suggesting, he argued, that it was assumed Corporal Mayes was "in the right and the inmate was in the wrong."

After hearing argument from counsel, the trial court convicted appellant of assault and battery of a Department of Corrections officer. The trial court noted that although Corporal Mayes indicated he slipped, the injuries to his face were likely caused by the scuffle both men admitted occurred. This appeal follows.

## STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

ANALYSIS

Appellant, through counsel, contends that the evidence was insufficient to convict him of assault and battery of a corrections officer because he was "merely defending himself after the officer pushed him multiple times." Appellant, *pro se*, appears to argue that he unknowingly and unintelligently waived his constitutional rights because the trial court failed to ask him particular questions pertaining to his constitutional rights and preparedness for trial. Additionally, appellant appears to argue that he had ineffective assistance of counsel at trial. We will address appellant's arguments through counsel and his *pro se* arguments separately below.

Appellant, through counsel, contends that the evidence was insufficient to convict him of assault and battery of a corrections officer. Appellant argues that he was "merely defending himself after the officer pushed him multiple times." The trial court, he argues, should not have found the officers credible when an independent witness who corroborated appellant's version of events testified. Appellant contends that because there is a reasonable hypothesis that he was simply defending himself, the evidence is insufficient to support his conviction.

"The fact finder, who has the opportunity to see and hear the witnesses, has the *sole* responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (quoting *Taylor v. Commonwealth*, 256 Va. 514, 518 (1998)). "In conducting our analysis, we are

- 7 -

mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "The 'reasonable hypothesis of innocence' concept is also well defined. The Commonwealth need exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).

"Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt. Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." *Hughes v. Commonwealth*, 39 Va. App. 448, 464 (2002) (quoting *Smith v. Commonwealth*, 17 Va. App. 68, 71 (1993)).

The trial court specifically rejected appellant's version of the event and found Corporal Mayes' and Officer Dabney's testimony to be more credible than Dean's and appellant's. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). Because the trial court considered appellant's version of the event and rejected it, we will only reverse the trial court's decision to convict appellant if it is "plainly wrong or there is no evidence to support it." *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (*en banc*).

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a correctional officer as defined in § 53.1-1 . . . engaged in the performance of his public duties anywhere in the Commonwealth, such person is guilty of a Class 6 felony[.]

Code § 18.2-57(C). "'Correctional officer' means a duly sworn employee of the Department of Corrections whose normal duties relate to maintaining immediate control, supervision and custody of prisoners confined in any state correctional facility." Code § 53.1-1.

Considering all the evidence in the light most favorable to the Commonwealth, there is no basis to disturb the trial court's verdict. The trial court heard testimony that Corporal Mayes was in uniform and displaying his badge of authority on April 28, 2020. When Corporal Mayes attempted to give appellant his Ramadan bag, appellant became belligerent and tried to exit the cell. Appellant ignored Corporal Mayes' commands not to leave the cell, but appellant continued toward the cell door. Corporal Mayes impeded appellant's progress until appellant struck Corporal Mayes in the head. Appellant pulled Corporal Mayes into the cell and struck him a second time. Corporal Mayes testified that he slipped, lost balance, hit his chin on the table or toilet, and lost consciousness. As a result of the incident, Corporal Mayes had a gash on his chin and was bleeding from his temple. The record fully supports the trial court's conclusion that appellant purposely and unjustifiably struck Corporal Mayes knowing he was a corrections officer. Because the trial court's findings are not plainly wrong or without evidence to support them, we will not disturb the trial court's ruling.

Appellant, *pro se*, appears to argue that he unknowingly and unintelligently waived his constitutional rights because the trial court failed to ask him "whether he had all of his witnesses to proceed to trial, whether he viewed all of the evidence against him, whether he understood his rights, whether he was satisfied by his attorney's assistance, and whether he was ready to proceed to trial." Appellant contends that if the trial court had asked him these questions it would have prompted him to ask his attorney questions about the evidence and witnesses. He argues that he

would have asked his attorney why he had not been able to review the evidence himself and why only one of the witnesses that he had given trial counsel was present. Finally, appellant appears to argue that he had ineffective assistance of counsel at trial.

"In accepting the defendant's plea, the judge must determine if the accused is aware of his constitutional rights, the nature of the charges against him, and whether the plea is intelligently and voluntarily made, all of which must appear on the record." *Sisk v. Commonwealth*, 3 Va. App. 459, 463 (1986) (articulating the procedure taken in criminal matters that ensures a defendant is informed of, understands, and voluntarily waives—if applicable—his constitutional rights). "If the record affirmatively shows that the plea was intelligently and voluntarily entered, that is enough." *Id.* (quoting *Wade v. Coiner*, 468 F.2d 1059, 1060 (4th Cir. 1972)).

In this case, the record affirmatively shows that appellant's not guilty plea was entered knowingly, voluntarily, and intelligently. The evidence plainly shows that appellant signed a written plea form indicating that he understood the charges against him, had spoken with his attorney, and had been informed of his right to a jury trial. Appellant affirmed, in writing, that he was pleading not guilty freely and voluntarily and that he wished to be tried by a judge instead of a jury. On the day of trial, the court conducted a colloquy with appellant, and he verbally acknowledged that he understood the questions on the form, that he had an opportunity to ask questions if he did not understand the form, and that he answered the questions on the form truthfully. He affirmed that he wished to proceed with a trial by judge. Appellant then proceeded to trial where, through counsel, he confronted witnesses against him, presented evidence in his favor, and exercised his right to testify in his defense. Appellant does not allege that he suffered from intimidation or ignorance. As such, there is nothing in the record to indicate that appellant's not guilty plea was anything other than knowing, voluntary, and intelligent.

Finally, this Court declines to review appellant's *pro se* argument that trial counsel was ineffective. "Claims of ineffective assistance are not cognizable on direct appeal . . . ." *Vay v. Commonwealth*, 67 Va. App. 236, 260 (2017); *see Lenz v. Commonwealth*, 261 Va. 451, 460 (2001) ("Claims raising ineffective assistance of counsel must be asserted in a *habeas corpus* proceeding . . . .").

CONCLUSION

The trial court's judgment was not plainly wrong or without evidence to support it. The evidence at trial sufficiently proved appellant assaulted and battered a corrections officer. Additionally, appellant's not guilty plea was knowingly, intelligently, and voluntarily given. Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that James Reid is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*