COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Raphael and Senior Judge Petty
Argued by videoconference


ANTONIO LORENZO BIGGS

                                                MEMORANDUM OPINION* BY
v.        Record No. 1325-22-2              JUDGE MARY BENNETT MALVEAUX
                                                    APRIL 2, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Patricia Kelly, Judge

Gregory R. Sheldon (BainSheldon, PLC, on brief), for appellant.

Jason A. Faw, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Antonio Lorenzo Biggs ("appellant") appeals his conviction by a jury for rape through

incapacitation, in violation of Code § 18.2-61(A)(ii).[1]  He argues that the trial court erred when it

denied his trial counsel's motion to withdraw and when it denied his motion for continuance and

allowed the trial to proceed in his absence.  For the following reasons, we affirm appellant's

conviction.

## I.  BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In

doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Appellant was subsequently convicted for failure to appear, but does not appeal that
conviction.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On September 28, 2017, appellant was a prospective student at Randolph-Macon College. The victim was a student tour guide assigned to give appellant a campus tour. Sometime after the completion of his tour, appellant attended a football tailgate party at which the victim was also present and drinking alcohol. Later that evening, appellant telephoned the victim and asked if he "could stop by [her] apartment for a little bit until [he] sobered up." The victim agreed, and appellant came to her apartment.

The victim testified that after appellant arrived, she eventually fell asleep until about three o'clock the next morning, when she woke to find appellant "on top of [her]," "pulling on [her] clothes and . . . penetrating [her]." The victim "couldn't move" and thought, "this can't be possible" before appellant "stopped" and "got off of [her]." She then "felt someone pull [her] underwear back on" and "heard [the] front door shut."

Appellant was arrested and indicted for rape. On March 26, 2019, appellant and his initial counsel signed an "Agreement Setting Case for Trial" that established an initial trial date of May 10, 2019. That document stated that "[t]he defendant is hereby warned that failing to appear . . . may result in further charges and/or trial and conviction in absentia." In later proceedings, appellant's initial counsel was granted leave to withdraw from appellant's case and the case was continued while appellant sought new representation.

On January 28, 2020, Jessica N. Sherman-Stoltz noted her appearance in the case as appellant's attorney. The trial court subsequently scheduled a four-day trial to begin on April 13, 2020.

On April 1, 2020, in response to the COVID-19 pandemic, the trial court continued the trial date to August 24, 2020. The trial court also granted appellant bond, and appellant was released

from pretrial detention. Before being released on bond, appellant signed a recognizance form that cautioned, "If I fail to appear, the court may try and convict me in my absence." The recognizance form stated that the magistrate had "explained the conditions and warnings contained in this document" to appellant and that appellant "swore or affirmed to fulfill the recognizance."[2]

Appearing for trial on August 24, 2020, appellant moved for a continuance on grounds of newly discovered evidence. The trial court denied the motion. Appellant then withdrew his agreement to a bench trial and asserted his right to be tried by a jury. Consequently, the trial court continued the matter until September 25, 2020, for scheduling. Appellant appeared on September 25, 2020, and the trial court scheduled a five-day jury trial to begin on February 22, 2021.

The Commonwealth moved to revoke appellant's bond on December 18, 2020, arguing that appellant had violated bond conditions restricting his use of computers and social media. Appellant did not appear at the revocation hearing on December 23, 2020, and the trial court revoked appellant's bond and issued a capias for his arrest.

On January 7, 2021, citing an "irreconcilable conflict" that prevented her from "effectively fulfill[ing] her Sixth Amendment duties" to appellant, Sherman-Stoltz moved to withdraw as the counsel of record. In her written motion, Sherman-Stoltz alleged that without her knowledge, appellant had "facilitated a three-way phone conversation" between appellant, herself, and an unknown third party on December 18, 2020. During the conversation, the third party threatened Sherman-Stoltz and her firm and appellant discussed Sherman-Stoltz's confidential medical information. Appellant then shared a video recording of a portion of the three-way conversation on social media forums and made disparaging comments about Sherman-Stoltz and her employees. Additionally, Sherman-Stoltz asserted that appellant acted against her advice and posted live video

---

[2] At trial, the Commonwealth proffered a certified copy of appellant's recognizance. Without objection, the trial court took judicial notice of the document.

conversations to social media platforms. During these live events, appellant revealed case information such as the victim's identifying information, the victim's previous testimony, and other witnesses' identities. Sherman-Stoltz also represented that appellant had not responded to her attempts to contact him since December 18, 2020, and that she had no knowledge of his whereabouts. Further, she claimed that appellant would not be prejudiced by her withdrawal because he had represented on social media platforms that she was no longer his attorney and that he was actively seeking new representation.[3]

Following a January 29, 2021 hearing on Sherman-Stoltz's motion, the trial court issued a written order finding that appellant was "a fugitive and not present."[4] Accordingly, the court held that it "was unable to address the motion" in appellant's absence.

On February 22, 2021, appellant did not appear for trial. Sherman-Stoltz renewed her motion to withdraw as appellant's counsel, incorporating the arguments and exhibits from her written motion of January 7, 2021. She contended that appellant's Sixth Amendment rights and her ability to represent appellant effectively would be "greatly hindered" by a trial in his absence. Sherman-Stolz noted that she had not spoken with appellant since December 18, 2020, and therefore did not know "what his mind set is, [or] if his opinion has changed on anything." The trial court denied counsel's motion to withdraw, finding that there was no "basis at this point without notice to [appellant]. . . . I mean, he has no notice that you're intending to withdraw. I understand that's problematic, but I'm not granting your motion to withdraw when he has no notice of that."

Sherman-Stoltz then moved the court for a continuance. She argued that appellant had constitutional rights under the Sixth Amendment to plead not guilty in front of the jury, to give input

---

[3] Sherman-Stoltz's motion included numerous exhibits taken from the recorded phone conversation and appellant's social media activity.

[4] The record does not contain a transcript of the January 29, 2021 hearing.

on his defense, to assist with cross-examination, to ask questions relevant to the proceeding, and to confront his accuser. Additionally, Sherman-Stoltz stated that in appellant's absence, it would be difficult to establish his identity as the victim's assailant. Finally, Sherman-Stoltz claimed, the Commonwealth had not shown that appellant was not present of his own free will.

The Commonwealth requested the court take judicial notice that appellant had been present at the September 25, 2020 hearing when the current trial date had been set. Thus, appellant had notice that his trial would commence on February 22, 2021. Further, the Commonwealth argued, appellant had signed the March 26, 2019 agreement setting his first trial date, which agreement advised appellant that he could be tried and convicted in absentia if he failed to appear. The Commonwealth also produced appellant's April 2, 2020 bond recognizance form. In signing that form, appellant acknowledged that the trial court could revoke his bond if he failed to satisfy its conditions and try him in his absence if he failed to appear. On the recognizance form, the magistrate affirmed that the conditions of appellant's bond and the warnings contained in the recognizance had been explained to appellant. Thus, the Commonwealth argued, appellant had been aware that he could be tried and convicted in his absence.

The Commonwealth then proffered that appellant and a woman named Ms. Shabazz had posted several videos online which made threats against the victim and which also exposed the identities of the victim and other witnesses. The trial court accepted the videos into evidence, as well as the Commonwealth's proffer.

Finally, the Commonwealth noted that the alleged rape had occurred in September 2017 and that the matter had been pending on the court's docket for almost two years. The Commonwealth expressed concern in "trying to track some of [the witnesses] down in the future as well as the expense . . . that we're going to in[cur] providing transportation and hotels for those witnesses every time this is set for trial."

- 5 -

The trial court denied appellant's motion for a continuance. In doing so, it found that appellant had been present at the September 25, 2020 hearing when the February 22-25, 2021 trial dates were set and that he had been presented with a card denoting the trial dates. Additionally, appellant had "signed paperwork indicating that he kn[ew] that if he d[id no]t appear he c[ould] be tried in his absence." Thus, the court reasoned, appellant knew the trial date and was "choosing not to be here." The court also noted that "U.S. [M]arshals have been looking for [appellant] and . . . I assume if he had been found I would know." Since the Marshals had not yet located appellant, the court found that it had "no idea or any assurance when . . . [appellant] would be available in the future for a trial. I don't have any way to answer that question."

Additionally, the trial court noted that the offense had occurred in September 2017 and the case had been on the docket for trial several times. The court opined that there were numerous witnesses in the case and the alleged victim had the right for this matter to move forward without further delay. Furthermore, Sherman-Stoltz appeared ready for trial as she had issued witness subpoenas, including for an out-of-state witness. Thus, the court determined that appellant had voluntarily waived his right to be present for trial.

The trial continued in appellant's absence, and the jury convicted appellant of rape through incapacitation. Appellant was apprehended several days later.

This appeal followed.

## II. ANALYSIS

### A. Motion to Withdraw

Appellant argues that the trial court erred when it denied Sherman-Stoltz's motion to withdraw, because "his trial counsel had an actual conflict of interest." He contends that this conflict of interest was evident on the face of Sherman-Stolz's motion to withdraw, in which she asserted that she could not effectively represent appellant because he threatened her and her support

staff and violated attorney-client privilege. Given Sherman-Stoltz's allegations, appellant argues, the trial court should have inquired further about the situation instead of denying the motion on the grounds that appellant had no notice of his attorney's motion.

The record on appeal does not contain a transcript of the January 29, 2021 hearing at which the trial court considered Sherman-Stoltz's motion to withdraw. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Id.* at 528 (quoting *Turner*, 2 Va. App. at 99); *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

After reviewing the record and the opening brief, we conclude that a timely-filed transcript, or written statement of facts in lieu of a transcript, of the January 29, 2021 hearing is indispensable to the resolution of appellant's first assignment of error. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner*, 2 Va. App. at 99-100. While the record contains Sherman-Stolz's written motion to withdraw and accompanying exhibits, and she "incorporated" her written arguments and evidence by reference when she renewed her motion to withdraw on February 22, 2021, the record does not reflect the actual arguments raised at the earlier hearing. Without a transcript or statement of facts for the January 29, 2021 hearing, we

cannot determine what level of inquiry the trial court made about the alleged conflict of interest, in what manner or to what extent the court considered Sherman-Stoltz's evidence, or whether more inquiry by the court was required. Because appellant failed to ensure that the record contains a timely-filed transcript, or written statement of facts in lieu of a transcript, of the January 29, 2021 hearing, and such a transcript or statement of facts is indispensable to facilitate our review of the issues raised by appellant's first assignment of error, we cannot reach the merits of that assignment of error.

### B. Motion for a Continuance and Trial in Appellant's Absence

Appellant argues that the trial court erred when it denied his motion to continue and instead allowed the trial to proceed in his absence. "[W]hether to grant or deny 'a motion for a continuance is within the sound discretion of the [trial] court and must be considered in view of the circumstances unique to each case.'" *Bailey v. Commonwealth*, 73 Va. App. 250, 259 (2021) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). "This principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Id.* (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)). Such a "bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* at 111-12 (quoting *Hamad*, 61 Va. App. at 607). But "any issues raised . . . that require interpreting the Sixth Amendment or interpreting the binding case law that addresses the Sixth Amendment right to counsel must be considered *de novo* by this Court." *Huguely v. Commonwealth*, 63 Va. App. 92, 106-07 (2014).

Although the Sixth Amendment grants the accused a right to be present during his trial, "[a] defendant can forfeit his right to be present if he voluntarily absents himself from trial." *Nunez v. Commonwealth*, 66 Va. App. 152, 156 (2016). "However, as one of the most basic rights guaranteed by the" Sixth Amendment, "an accused's right to be present at trial must be carefully safeguarded." *Cruz v. Commonwealth*, 24 Va. App. 454, 461 (1997) (en banc). As a result, in addition to finding that the Commonwealth would be prejudiced by a continuance, a trial court, "before proceeding *in absentia*, . . . must . . . determine that the absence of the accused denotes a waiver of the right to be present at trial." *Id.*

To constitute a waiver of the right to be present, a defendant's absence must result from "a voluntary, knowing, and intelligent act 'done with sufficient awareness of the relevant circumstances and likely consequences.'" *Id.* (quoting *Hunter v. Commonwealth*, 13 Va. App. 187, 191 (1991)). Because there is a presumption against inferring a waiver of a constitutional right, *Hunter*, 13 Va. App. at 191, we have adopted

> the rule that a knowing and voluntary waiver of the right to be present by a defendant who is voluntarily absent from the entire trial cannot be shown unless the defendant (1) has been given notice of his trial date; and (2) has been warned that his failure to appear could result in a trial in his absence.

*Cruz*, 24 Va. App. at 463.

Appellant concedes "that the record contains a document he signed advising that should he fail to appear, he could be tried in his absence, and that he signed bond paperwork with similar language." The trial court found that appellant was not present at his bond hearing or any subsequent hearing, including his trial dates. The trial court could reasonably conclude that appellant knew of the trial date and that he could be tried in his absence if he did not appear. On the first day of appellant's scheduled trial, his attorney did not know of his whereabouts and had had no contact with him for two months. In addition, appellant had posted on social media that

he was "on the run" and commented that revocation of his bond before Christmas was unfair. Thus, the record supports a conclusion that appellant was voluntarily absent from trial.

Nevertheless, appellant argues that the Commonwealth would not have been prejudiced if the trial court had continued the trial. He asserts that he did not appear for trial because of "a conflict of interest with his attorney and his belief that [Sherman-Stoltz] would not fight for him." Further, he asserts that the Commonwealth failed to prove that he would have been unavailable to be tried in the future. He highlights that he was found less than two weeks after the conclusion of his trial as proof that he could have been tried in the near future.

In analyzing whether the Commonwealth would have been prejudiced had the case been continued, we consider "the likelihood that the accused would appear and the trial could take place at a later date." *Cruz*, 24 Va. App. at 465. When the record is "devoid of any assurance, or even hint, that the defendant would be available in the future," a trial court does not abuse its discretion in proceeding with trial in the defendant's absence. *Id.* at 466.

At the time the trial court considered the motion to continue, there was no assurance that appellant would be available at any time in the future. Appellant did not appear at his bond revocation hearing, at Sherman-Stoltz's hearing to withdraw as counsel of record, or at the start of his trial. At trial, Sherman-Stoltz stated that she had not talked to appellant since December 18, 2020, and did not know his whereabouts. The capias for appellant's arrest issued on December 23, 2020, had yet to be returned. Furthermore, as earlier noted, the Commonwealth proffered that after appellant's bond was revoked, he posted that "they revoked my bond and I'm back on the run" on social media.

Thus, the trial court had no information concerning appellant's whereabouts or a definitive reason for his absence. Appellant's unexcused absence, his statements on social media, and his failure to contact his attorney reasonably raise the specter that appellant never

intended to appear for trial voluntarily and would abscond until apprehended. It is irrelevant that appellant was found just two weeks after the conclusion of his trial. "As far as the trial court was aware, [appellant] could have fled the jurisdiction or the country for parts unknown, never to be heard from again." *Cruz*, 24 Va. App. at 466.

Furthermore, the record is clear that any further delay would have prejudiced the Commonwealth. The Commonwealth noted the exceptional delay in trying this matter, the threats appellant and his associate made on social media against the victim, and the anticipated expense and inconvenience to the witnesses. In the trial court's conviction order, the court stated that it "found a continuance would be prejudicial to the Commonwealth because, for reasons stated to the record, there was no assurance the defendant would appear, and the trial could take place at a later date." When articulating the case's long procedural history the trial court emphasized that the alleged incident had occurred in September 2017 and the case had "been on the docket a number of times." The court opined that the alleged victim had a right for the matter to move forward. Accordingly, the trial court did not abuse its discretion in denying the motion for a continuance made on the morning of trial and in proceeding with the trial in appellant's absence.

## III. CONCLUSION

We cannot reach the merits of appellant's first assignment of error because the record lacks a transcript or written statement of facts indispensable to resolving the issues raised. The trial court did not abuse its discretion when it denied appellant's motion for continuance and instead tried appellant in his absence. Accordingly, we affirm the trial court.

*Affirmed.*